**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **RANDOLPH and TABETHA SELLERS,** *individually and on behalf of a class of persons similarly situated,* | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | **3:15-cv-1106-TJC-PDB** |
| **RUSHMORE LOAN MANAGEMENT SERVICES LLC,** | ) ) ) | |
| **Defendant.** | ) ) | |

**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Rushmore Loan Management LLC ("Rushmore"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Fed. R. Civ. P. 12, and specifically reserving its right to seek arbitration pursuant to 9 U.S.C. §§ 1 *et seq.*, hereby responds to the Class Action Complaint (ECF No. 1) (the "Complaint") filed by plaintiffs Randolph and Tabetha Sellers (the "Plaintiffs") as follows:

**INTRODUCTION**

1.      Rushmore admits that Plaintiffs have alleged claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (the "FCCPA"), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (the "FDJA"), and that Plaintiffs purport to bring this action on behalf of a proposed class, but denies that Rushmore has violated any

law or that a class proceeding is appropriate and should be maintained and demands strict proof thereof.

2.      Rushmore states that the case referenced in Paragraph 2 and footnote 1 of the Complaint speaks for itself and denies any mischaracterizations of the same.   Rushmore denies the remaining allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore admits that the statutes referenced therein confer jurisdiction but denies that jurisdiction is appropriate as to Rushmore because it has not violated any law.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.      Paragraph 4 of the Complaint contains legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore admits that the statutes referenced therein confer venue but denies that venue is appropriate as to Rushmore because it has not violated any law.   Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

## PARTIES

5.      Rushmore admits that Plaintiffs are natural persons.  Rushmore is without sufficient information to either admit or deny the remaining allegations contained in

Paragraph 5 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore admits that it is registered in the State of Florida.  Rushmore denies the remaining allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof.

## FACTUAL ALLEGATIONS

7.      In response to Paragraph 7 of the Complaint, Rushmore states that it is without sufficient information to either admit or deny whether sometime in 2004 Plaintiffs took out a loan from Premier Mortgage Funding, Inc. for a mortgage on their home and, therefore, denies the allegations and demands strict proof thereof.  Rushmore states the remaining allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof thereof.

8.      Rushmore states that any pleadings, orders, and/or other documents filed in the United States Bankruptcy Court for the Middle District of Florida, in the bankruptcy action styled *In re Randolph Lane Sellers and Tabetha Lynn Sellers*, Case No. 3:11-bk-00911 (the "Underlying Bankruptcy Action"), speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9.      Rushmore states that the allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, as well as the document attached to Plaintiffs' Complaint as Exhibit A, speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10.     Rushmore states that the allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11.     In response to Paragraph 11 of the Complaint, Rushmore states that it began servicing the mortgage loan at issue in this action, currently identified as loan number XXXXXX5812, on or about July 31, 2013.  Rushmore states that the remaining allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 11 and, therefore, denies the allegations and demands strict proof thereof.

12.     In response to Paragraph 12 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Plaintiffs speak for themselves

and denies any mischaracterizations of the same.  Rushmore denies the remaining allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13.     In response to Paragraph 13 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same, and further states that whether the documents attached to Plaintiffs' Complaint as Exhibit B constitute an effort to collect a debt is a legal conclusion to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof thereof.  Rushmore denies the remaining allegations contained in Paragraph 13 and demands strict proof thereof.

14.     In response to Paragraph 14 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15.     In response to Paragraph 15 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves and denies any mischaracterizations of the same.  Rushmore states that the remaining allegations contained in Paragraph 15 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16.     In response to Paragraph 16 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves and denies any mischaracterizations of the same.  Rushmore states that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

17.     Rushmore denies the allegations contained in Paragraph 17 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

18.     In response to Paragraph 18 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore, as well as the document attached to Plaintiffs' Complaint as Exhibit C, speak for themselves and denies any mischaracterizations of the same.  Rushmore states that the remaining allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action or other bankruptcy actions speak for themselves and denies any mischaracterizations of the same. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 18 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

19.     Rushmore states that the allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof

thereof, and states that the cases referenced in Paragraph 19 of the Complaint speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 19 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

20.     In response to Paragraph 20 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves and denies any mischaracterizations of the same.  Rushmore denies the remaining allegations contained in Paragraph 20 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

## CLASS ALLEGATIONS

21.     Rushmore admits that Plaintiffs purport to bring this action on behalf of proposed classes of individuals in Florida, and that Plaintiffs purport to define the proposed classes in part as stated in Paragraph 21 of the Complaint, but denies that Rushmore has violated any law or that a class proceeding is appropriate and should be maintained and demands strict proof thereof.

22.     Rushmore admits that Plaintiffs purport to bring this action on behalf of proposed classes of individuals in Florida, and that Plaintiffs purport to define the proposed classes in part as stated in Paragraph 22 of the Complaint, but denies that Rushmore has violated any law or that a class proceeding is appropriate and should be maintained and demands strict proof thereof.

23.     Rushmore denies the allegations contained in Paragraph 23 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

24.     Rushmore denies the allegations contained in Paragraph 24 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

25.     Rushmore denies the allegations contained in Paragraph 25 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

26.     Rushmore denies the allegations contained in Paragraph 26 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

27.     Rushmore denies the allegations contained in Paragraph 27 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

28.     Rushmore denies the allegations contained in Paragraph 28 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

29.     In response to Paragraph 29 of the Complaint, Rushmore states that it is without sufficient information to either admit or deny the experience of Plaintiffs' counsel, and, therefore, denies the allegations and demands strict proof thereof.  Rushmore denies the

remaining allegations contained in Paragraph 29 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

30.     Rushmore denies the allegations contained in Paragraph 30 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

31.     Rushmore denies the allegations contained in Paragraph 31 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.* ("FDCPA")
**On Behalf of the Account Statement Class**

32.     Rushmore incorporates by reference all of its responses to the preceding Paragraphs as if fully set forth herein.

33.     Rushmore admits that Plaintiffs have alleged a claim under the FDCPA and purport to bring this action on behalf of a proposed class, but denies that Rushmore has violated any law or that a class proceeding is appropriate and should be maintained and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34.     Paragraph 34 of the Complaint contains legal conclusions that are not directed at Rushmore, and to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that the FDCPA and the legislative history referred to in Paragraph 34 of the Complaint speak for themselves and denies any mischaracterizations

of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

35.     Rushmore admits that Plaintiffs are natural persons.  Rushmore states that the remaining allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether Plaintiffs or any individual that Plaintiffs seek to represent are "consumers" as defined by 15 U.S.C. § 1692a(3) and, therefore, denies the same and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 35 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

36.     Rushmore states that the allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether any obligations of Plaintiffs or of any individual that Plaintiffs seek to represent are "debts" as defined by 15 U.S.C. § 1692a(5) and, therefore, denies the same and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 36 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

37.     Rushmore states that the allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to

either admit or deny whether it may be deemed a "debt collector" as defined by 15 U.S.C. § 1692a(6) with respect to Plaintiffs or any individual that Plaintiffs seek to represent and, therefore, denies the same and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 37 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

38.    In response to Paragraph 38 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves and denies any mischaracterizations of the same.  Rushmore states that the remaining allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether any letters, documents, or other correspondence allegedly sent by Rushmore to Plaintiffs or to any individual that Plaintiffs seek to represent are "communications" as defined by 15 U.S.C. § 1692a(2) and, therefore, denies the same and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 38 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

39.    Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 39 of the Complaint and demands strict proof thereof.

40.     Rushmore states that the allegations contained in Paragraph 40 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, as well as the document attached to Plaintiffs' Complaint as Exhibit A, speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41.     Rushmore denies the allegations contained in Paragraph 41 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

42.     Rushmore states that the allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.     In response to Paragraph 43 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same, and further states that whether the documents attached to Plaintiffs' Complaint as Exhibit B constitute an effort to collect a debt is a legal conclusion to which no response is required from Rushmore.  To the extent that a response is required,

Rushmore denies the allegations and demands strict proof thereof.   Rushmore denies the remaining allegations contained in Paragraph 43 and demands strict proof thereof.

44.      In response to Paragraph 44 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same.   Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

45.      Rushmore denies the allegations contained in Paragraph 45 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

46.      Rushmore denies the allegations contained in Paragraph 46 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

47.      Rushmore denies the allegations contained in Paragraph 47 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

48.      Rushmore denies the allegations contained in Paragraph 48 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

49.      Rushmore states that the allegations contained in Paragraph 49 of the Complaint are legal conclusions to which no response is required from Rushmore.   To the extent that a response is required, Rushmore states that the case referenced in Paragraph 49 of the Complaint speaks for itself and denies any mischaracterizations of the same.   Except as

expressly admitted herein, Rushmore denies the allegations contained in Paragraph 49 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

50.     In response to Paragraph 50 of the Complaint, Rushmore denies that a class proceeding is appropriate and should be maintained, and demands strict proof thereof. Rushmore states that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 50 of the Complaint and, therefore, denies the same and demands strict proof thereof.

51.     In response to the Paragraph 51 of the Complaint, Rushmore denies that it committed any wrongful act or violated any law, denies that a class proceeding is appropriate and should be maintained, and denies that Plaintiffs or any individual that Plaintiffs seek to represent are entitled to punitive damages, or to any other damages or relief whatsoever, and demands strict proof thereof.

### COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
**On Behalf of the Account Statement Class**

52.     Rushmore incorporates by reference all of its responses to the preceding Paragraphs as if fully set forth herein.

53.     Rushmore states that the allegations contained in Paragraph 53 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether Plaintiffs or any individual that Plaintiffs seek to represent are "debtors" as defined by Fla. Stat. § 559.55(8) and, therefore, denies the same and demands

strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 53 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

54. Rushmore states that the allegations contained in Paragraph 54 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether any obligations of Plaintiffs or of any individual that Plaintiffs seek to represent are "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6) and, therefore, denies the same and demands strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 54 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

55. Rushmore states that the allegations contained in Paragraph 55 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore admits that it is a "person" as defined by Fla. Stat. § 1.01(3), and denies that it committed any wrongful act or violated any law, including, but not limited to, those referred to in Fla. Stat. § 559.72, and demands strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 55 of the Complaint and demands strict proof thereof.

56. Rushmore states that the statute referenced in Paragraph 56 of the Complaint speaks for itself and denies any mischaracterizations of the same.

57.     Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 57 of the Complaint and demands strict proof thereof.

58.     Rushmore states that the allegations contained in Paragraph 58 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, as well as the document attached to Plaintiffs' Complaint as Exhibit A, speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59.     Rushmore denies the allegations contained in Paragraph 59 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

60.     Rushmore states that the allegations contained in Paragraph 60 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

61.     In response to Paragraph 61 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies

any mischaracterizations of the same, and further states that whether the documents attached to Plaintiffs' Complaint as Exhibit B constitute an effort to collect a debt is a legal conclusion to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof thereof.  Rushmore denies the remaining allegations contained in Paragraph 61 and demands strict proof thereof.

62.    In response to Paragraph 62 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 62 of the Complaint and demands strict proof thereof.

63.    Rushmore denies the allegations contained in Paragraph 63 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

64.    Rushmore denies the allegations contained in Paragraph 64 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

65.    Rushmore denies the allegations contained in Paragraph 65 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

66.    Rushmore denies the allegations contained in Paragraph 66 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

67.     Rushmore denies the allegations contained in Paragraph 67 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

68.     In response to Paragraph 68 of the Complaint, Rushmore admits that Plaintiffs are seeking a permanent injunction and that Plaintiffs purport to bring this action on behalf of a proposed class, but denies that Rushmore has violated any law, denies that Plaintiffs or any individuals that Plaintiffs seek to represent are entitled to a permanent injunction or to any relief whatsoever, and denies that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 68 of the Complaint and demands strict proof thereof.

69.     In response to Paragraph 69 of the Complaint, Rushmore denies that a class proceeding is appropriate and should be maintained, and demands strict proof thereof. Rushmore states that it is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 69 of the Complaint and, therefore, denies the same and demands strict proof thereof.

### COUNT III – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### On Behalf of the IRS Form Class

70.     Rushmore incorporates by reference all of its responses to the preceding Paragraphs as if fully set forth herein.

71.     Rushmore states that the allegations contained in Paragraph 71 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that it is without sufficient information to

either admit or deny whether Plaintiffs or any individual that Plaintiffs seek to represent are "debtors" as defined by Fla. Stat. § 559.55(8) and, therefore, denies the same and demands strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 71 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

72. Rushmore states that the allegations contained in Paragraph 72 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore states that it is without sufficient information to either admit or deny whether any obligations of Plaintiffs or of any individual that Plaintiffs seek to represent are "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6) and, therefore, denies the same and demands strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 72 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

73. Rushmore states that the allegations contained in Paragraph 73 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore admits that it is a "person" as defined by Fla. Stat. § 1.01(3), and denies that it committed any wrongful act or violated any law, including, but not limited to, those referred to in Fla. Stat. § 559.72, and demands strict proof thereof. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 73 of the Complaint and demands strict proof thereof.

74. Rushmore states that the statute referenced in Paragraph 74 of the Complaint speaks for itself and denies any mischaracterizations of the same.

75. Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76. Rushmore states that the allegations contained in Paragraph 76 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, as well as the document attached to Plaintiffs' Complaint as Exhibit A, speak for themselves and denies any mischaracterizations of the same. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

77. Rushmore denies the allegations contained in Paragraph 77 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

78. Rushmore states that the allegations contained in Paragraph 78 of the Complaint are legal conclusions to which no response is required from Rushmore. To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 78 of the Complaint and demands strict proof thereof.

79.     In response to Paragraph 79 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore, including the document attached to Plaintiffs' Complaint as Exhibit C, speak for themselves and denies any mischaracterizations of the same.   Rushmore states that the remaining allegations contained in Paragraph 79 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, or filed in any bankruptcy action of any individual that Plaintiffs seek to represent, speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 79 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

80.     Rushmore states that the allegations contained in Paragraph 80 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof thereof, and states that the cases referenced in Paragraph 80 of the Complaint speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 80 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

81.     In response to Paragraph 81 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves

and denies any mischaracterizations of the same.  Rushmore denies the remaining allegations contained in Paragraph 81 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

82.     Rushmore denies the allegations contained in Paragraph 82 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

83.     Rushmore denies the allegations contained in Paragraph 83 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

84.     Rushmore denies the allegations contained in Paragraph 84 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

85.     Rushmore denies the allegations contained in Paragraph 85 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

86.     In response to Paragraph 86 of the Complaint, Rushmore admits that Plaintiffs are seeking a permanent injunction and that Plaintiffs purport to bring this action on behalf of a proposed class, but denies that Rushmore has violated any law, denies that Plaintiffs or any individuals that Plaintiffs seek to represent are entitled to a permanent injunction or to any relief whatsoever, and denies that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 86 of the Complaint and demands strict proof thereof.

## COUNT IV – RELIEF REQUESTED UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

87.     Rushmore incorporates by reference all of its responses to the preceding Paragraphs as if fully set forth herein.

88.     Rushmore states that the allegations contained in Paragraph 88 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that the statute referenced in Paragraph 88 of the Complaint speaks for itself and denies any mischaracterizations of the same.

89.     Rushmore states that the statute referenced in Paragraph 89 of the Complaint speaks for itself and denies any mischaracterizations of the same.

90.     Rushmore states that the allegations contained in Paragraph 90 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that the statute referenced in Paragraph 90 of the Complaint speaks for itself and denies any mischaracterizations of the same.

91.     Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 91 of the Complaint and demands strict proof thereof.

92.     Rushmore states that the allegations contained in Paragraph 92 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action, as well as the document attached to Plaintiffs' Complaint as Exhibit A, speak for themselves and denies any mischaracterizations

of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 92 of the Complaint and demands strict proof thereof.

93.     Rushmore denies the allegations contained in Paragraph 93 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

94.     Rushmore states that the allegations contained in Paragraph 94 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 94 of the Complaint and demands strict proof thereof.

95.     In response to Paragraph 95 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same, and further states that whether the documents attached to Plaintiffs' Complaint as Exhibit B constitute an effort to collect a debt is a legal conclusion to which no response is required from Rushmore.  To the extent that a response is required, Rushmore denies the allegations and demands strict proof thereof.  Rushmore denies the remaining allegations contained in Paragraph 95 and demands strict proof thereof.

96.     In response to Paragraph 96 of the Complaint, Rushmore states that the documents attached to Plaintiffs' Complaint as Exhibit B speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 96 of the Complaint and demands strict proof thereof.

97.     Rushmore denies the allegations contained in Paragraph 97 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

98.     Rushmore denies the allegations contained in Paragraph 98 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

99.     Rushmore denies the allegations contained in Paragraph 99 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

100.     In response to Paragraph 100 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore, as well as the document attached to Plaintiffs' Complaint as Exhibit C, speak for themselves and denies any mischaracterizations of the same.   Rushmore states that the remaining allegations contained in Paragraph 100 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the extent that a response is required, Rushmore states that any pleadings, orders, and/or other documents filed in the Underlying Bankruptcy Action or other bankruptcy actions speak for themselves and denies any mischaracterizations of the same. Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 100 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

101.     Rushmore states that the allegations contained in Paragraph 101 of the Complaint are legal conclusions to which no response is required from Rushmore.  To the

extent that a response is required, Rushmore denies the allegations and demands strict proof thereof, and states that the cases referenced in Paragraph 101 of the Complaint speak for themselves and denies any mischaracterizations of the same.  Except as expressly admitted herein, Rushmore denies the allegations contained in Paragraph 101 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

102.    In response to Paragraph 102 of the Complaint, Rushmore states that any letters, documents, or other correspondence allegedly sent by Rushmore speak for themselves and denies any mischaracterizations of the same.  Rushmore denies the remaining allegations contained in Paragraph 102 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

103.    Rushmore denies the allegations contained in Paragraph 103 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

104.    Rushmore denies the allegations contained in Paragraph 104 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

105.    Rushmore denies the allegations contained in Paragraph 105 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

106.    Rushmore denies the allegations contained in Paragraph 106 of the Complaint, including that a class proceeding is appropriate and should be maintained, and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the paragraph beginning with "WHEREFORE" and appearing under the heading "PRAYER FOR RELIEF" below Paragraph 106 of the Complaint, including subsections a through j thereto, Rushmore denies that it committed any wrongful act or violated any law, denies that a class proceeding is appropriate and should be maintained, denies that Plaintiffs or any individual that Plaintiffs seek to represent are entitled to relief and judgment in their favor, and denies that Plaintiffs or any individual that Plaintiffs seek to represent have suffered any injuries or damages, or that Plaintiffs or any individual that Plaintiffs seek to represent are entitled to direct, compensatory, injunctive, consequential, incidental, punitive, exemplary, double, treble, nominal, or statutory damages, to attorneys' fees, costs, expenses, injunctive or declaratory relief, or pre- and/or post-judgment interest, or to any other damages, credits, or relief whatsoever, and demands strict proof thereof.

## JURY TRIAL DEMAND

In response to the paragraph appearing under the heading "JURY TRIAL DEMAND" below Paragraph 106 of the Complaint, Rushmore admits that Plaintiffs request a jury trial but states that Plaintiffs have expressly waived any right to a trial by jury, denies that Rushmore has committed any wrongful act or violated any law, and therefore denies that Plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiffs' Complaint, Rushmore hereby asserts the following defenses:

### FIRST DEFENSE

Plaintiffs' claims and the claims of any putative class member against Rushmore fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiffs and any putative class member have entered into arbitration agreements covering their claims against Rushmore, such claims against Rushmore are subject to arbitration.

### THIRD DEFENSE

To the extent that any of Plaintiffs' claims and the claims of any putative class member are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are time barred.

### FOURTH DEFENSE

Plaintiffs' claims and the claims of any putative class member against Rushmore are barred by any bankruptcy case filed by Plaintiffs and any putative class member, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and/or release. Moreover, as a result of any such prior proceedings, Plaintiffs and any putative class member are not the real parties in interest to bring the present claims and therefore lack standing to pursue the causes of action.

## FIFTH DEFENSE

Plaintiffs' and any putative class member's claims are displaced and/or precluded by the Bankruptcy Code or other federal law, and/or are based upon alleged conduct authorized by such law, and therefore fail to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Plaintiffs' and any putative class member's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

## SEVENTH DEFENSE

Plaintiffs' and any putative class member's demand for a jury trial is barred to the extent that Plaintiffs and any putative class member have waived their right to a trial by jury.

## EIGHTH DEFENSE

Plaintiffs and any putative class member lack standing.

## NINTH DEFENSE

Rushmore pleads privilege, justification, and/or immunity.

## TENTH DEFENSE

Plaintiffs' claims and the claims of any putative class member against Rushmore should be dismissed to the extent that Plaintiffs and any putative class member have failed to join necessary and/or indispensable parties.

## ELEVENTH DEFENSE

Plaintiffs' and any putative class member's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which

Rushmore had no responsibility or control, and/or who were acting beyond the scope or supervision of Rushmore, and for whom Rushmore is not responsible nor may be held liable.

## TWELFTH DEFENSE

Any violation of the law or damage suffered by Plaintiffs or any putative class member, which Rushmore denies, was due to the affirmative actions and/or omissions of Plaintiffs and any putative class member and does not give rise to any liability of Rushmore.

## THIRTEENTH DEFENSE

Rushmore's actions have not been willful, let alone willful to the extent that they violate Florida or federal law. To the contrary, at all times and under all circumstances relevant to Plaintiffs' claims and the claims of any putative class member, Rushmore acted in good faith and without malice or intent to injure Plaintiffs and any putative class member.

## FOURTEENTH DEFENSE

Plaintiffs and any putative class member have suffered no damages from the alleged conduct and/or violations of law by Rushmore, which Rushmore denies, and are not entitled to any award of damages, attorneys' fees, costs, and/or other expenses or relief.

## FIFTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class member fail to the extent that Plaintiffs and any putative class member failed to mitigate their damages, if any, and/or failed to act with reasonable diligence.

## SIXTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class member against Rushmore are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

**SEVENTEENTH DEFENSE**

Rushmore avers that none of Plaintiffs' claims or the claims of any putative class member against Rushmore could justify an award of punitive damages in this case, and that an award of punitive damages would serve no purpose for which punitive damages may be awarded in Florida.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims and the claims of any putative class member for punitive damages against Rushmore cannot be upheld to the extent that they are a violation of any law passed by the United States Congress or the Florida Legislature limiting awards of punitive damages or the amount of such damages.

**NINETEENTH DEFENSE**

Plaintiffs' claims and the claims of any putative class member for punitive damages against Rushmore cannot be upheld because an award of punitive damages under Florida law for the purpose of compensating Plaintiffs and any putative class member for elements of damage not otherwise recognized by Florida law would violate Rushmore's due process rights guaranteed by the United States Constitution and by the due process provisions of the Florida Constitution.

**TWENTIETH DEFENSE**

Plaintiffs' claims and the claims of any putative class member for punitive damages are barred, in whole or in part, to the extent that an award of any such punitive damages would violate or contravene the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper*

*Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), as well as any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### TWENTY-FIRST DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiffs' claims and the claims of any putative class member for punitive damages are further barred, in whole or in part, to the extent that an award of any such punitive damages would be violative of the United States Constitution or the Florida Constitution.

### TWENTY-SECOND DEFENSE

Any violation of law, which Rushmore denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### TWENTY-THIRD DEFENSE

Rushmore hereby incorporates all other defenses available under the FDCPA and/or FCCPA, including, but not limited to, that Rushmore's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

### RESERVATION OF DEFENSES

Rushmore reserves the right to assert additional defenses as discovery progresses.  To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 6th day of November, 2015.

_/s/ Reid S. Manley_
Reid S. Manley (FL Bar # 0011612)
R. Frank Springfield (FL Bar # 0010871)
BURR & FORMAN LLP
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Telephone:  (407) 540-6600
Facsimile:  (407) 540-6601
fspringf@burr.com
rmanley@burr.com

Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2015, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

Janet R. Varnell
Brian W. Warwick
Steven T. Simmons, Jr.
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, Florida  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
ssimmons@varnellandwarwick.com

Max Story
Max Story, P.A.
328 2nd Avenue North, Suite 100
Jacksonville Beach, Florida  32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
max@maxstorylaw.com

I hereby certify that I have mailed by United States Postal Service the foregoing

document to the following non-CM/ECF participants:   ___N/A_____.

Respectfully submitted,


_/s/ Reid S. Manley_____
Of Counsel