**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RANDOLPH AND TABETHA SELLERS, individually and on behalf of a class of persons similarly situated,

Plaintiffs,

vs.

RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

Defendant.
_______________________________________/

Case No.: 3:15-cv-1106-TJC-PDB

**PLANTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiffs, by and through their undersigned counsel, and on behalf of all others similarly situated, move this Court to strike certain affirmative defenses filed by Defendant RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("RUSHMORE") in its answer to Plaintiffs' Class Action Complaint.

## I. INTRODUCTION

The Complaint in this matter alleges that RUSHMORE violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55 *et seq*., Fla. Stat. ("FCCPA"), by sending debt collection communications that boldly demand payment for debts discharged in bankruptcy. Plaintiffs also allege that they are entitled to relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2201.

On November 6, 2015, RUSHMORE filed its answer and affirmative defenses to Plaintiffs' Class Action Complaint. [Doc. 12.] Plaintiffs take issue with some of RUSHMORE's affirmative defenses raised as they are improperly pled; insufficient as a matter of law; or improper.

## II. PLEADING STANDARD

Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed.R. Civ. P. 12(f). Motions to strike affirmative defenses are properly granted when, on the face of the pleadings, are patently frivolous, or the purported defense is insufficient as a matter of law. E.g., Muschong v. Millennium Phys. Group, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014).

Further, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the asserted defense. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys., No. 04-60861-CIV, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations"). "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' "Mid-Continent Cas. Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); See also, Castillo v. Roche Laboratories Inc., No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying Twombly's heightened pleading standard to affirmative defenses); Home Mgmt. Solutions, Inc.

v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests") (brackets omitted) (quoting Twombly, 550 U.S. at 556 n.3).

## III. ARGUMENT

RUSHMORE alleges twenty-three (23) affirmative defenses, many of which fail to meet the pleading standard required of affirmative defenses, or which also fail as a matter of law.

### A. First Affirmative Defense: Failure to State a Claim

**"Plaintiffs' claims and the claims of any putative class member against Rushmore fail to state a claim upon which relief can be granted."**

RUSHMORE's first affirmative defense does not set forth any facts in support of this affirmative defense. It merely parrots Rule 12(b)(6). This one-sentence affirmative defense is vague and does not provide Plaintiffs with sufficient information upon which to prepare a response, and does not provide Plaintiffs with fair notice. See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). Moreover, if the Amended Complaint was vulnerable to dismissal, RUSHMORE should have filed a motion to dismiss. Therefore, since RUSHMORE has failed to allege any facts to support its first affirmative defense, the defense should be stricken.

### B. Second and Third Affirmative Defenses: Arbitration and Statute of Limitations

Defendant's second and third affirmative defenses cite no facts to support their conclusory allegations. Both one-sentence affirmative defenses are vague and do not provide Plaintiffs with sufficient information upon which to prepare a response, and does not provide Plaintiffs with fair notice. See Tara Productions, Inc., 2009 WL 4800542 at *2 (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence affirmative defense was vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). Moreover, RUSHMORE fails to attach any arbitration agreements to the extent they even exist. Indeed, the use of the precursor phrase "To the Extent that" indicates Defendants' failure to adequately plead facts to support both defenses. For these reasons, Defendants' second and third affirmative defenses should be stricken.

### C. Sixth, Eighth, Ninth, Tenth, Eleventh and Sixteenth Affirmative Defenses: Defendants' Failure to Adequately Plead Facts in Support

Defendant's Sixth, Eighth, Ninth, Tenth, Eleventh and Sixteenth Affirmative Defenses do not set forth any facts in support of such defenses. Each one-sentence long affirmative defense is conclusory, vague, does not provide Plaintiffs with sufficient information upon which to prepare a response, and does not provide Plaintiffs with fair notice. See Tara Productions, Inc., 2009 WL 4800542 at *2 (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence affirmative defense was vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). Therefore, Defendant's Sixth, Eighth, Ninth, Tenth, Eleventh and Sixteenth Affirmative Defenses should be stricken.

**D. Twelfth and Fourteenth Affirmative Defenses: Liability and Damages**

Defendant's Twelfth and Fourteenth Affirmative Defenses do not set forth any facts in support of such defenses. See Tara Productions, Inc., 2009 WL 4800542 at *2 (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence affirmative defense was vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). In addition, these affirmative defenses as pled, are not sufficient as a matter of law because the statutes at issue are strict liability statutes with only one exception, the bona fide error defense. See McCorriston v. L.W.T., Inc., 536 F.Supp. 2d 1268, 1277 at n.8 (M.D. Fla. 2008) ("the FDCPA is a strict liability statute"); Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense"). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." Owen, 629 F.3d at 1270. Here, because RUSHMORE sent the debt collection communications to Plaintiffs, it is liable under the statutes. Once the communications were sent, the damage was done. Moreover, statutory damages are available to Plaintiffs and all class members, even when actual damages are non-existent. For these reasons, RUSHMORE's twelfth and fourteenth affirmative defenses fail as a matter of law and on grounds that they are improperly pled. Therefore, they should be stricken.

**E. Fifteenth Affirmative Defense: Failure to Mitigate Damages**

Defendant's fifteenth affirmative defense asserts that Plaintiffs failed to mitigate their damages. Not only is this defense not properly pled, it cannot stand as a matter of law to the allegations against RUSHMORE in this case. Plaintiffs have alleged violations of the consumer protection statutes by the conduct of RUSHMORE in sending debt collection communications

after their debts were discharged in bankruptcy. Plaintiffs had no control over RUSHMORE's own actions and could not prevent them. Once the communications were sent and received, the damage was done and it was impossible for Plaintiffs to mitigate any damages.

In a similar consumer protection statute action concerning a junk fax Telephone Consumer Protection Act ("TCPA") case, District Judge Gettleman stated with respect to a failure to mitigate defense that such an assertion is "[n]onsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable." Holtzman v. Turza, 2010 WL 4177150, at *5 (N.D. Ill.). Like the TCPA, each violation of the FDCPA and FCCPA is actionable and Plaintiffs are entitled to statutory damages for each violation proved.

Further, and as stated above in section II, B, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. The same holds true with Florida's state law counterpart, as it also provides only a "bona fide error" defense. See § 559.77(3), Fla. Stat.[1]. Because the FDCPA and FCCPA are strict liability statutes, there is no basis to permit RUSHMORE to assert failure to mitigate as a defense and it should be stricken.

**F. Thirteenth, Twenty Second and Twenty Third Affirmative Defenses: Not in Good Faith, Not Willful, Bona Fide Error**

RUSHMORE's thirteenth, twenty-second and twenty-third Affirmative Defenses are purportedly brought pursuant to the FDCPA, 15 U.S.C. §1692k(c) and the FCCPA, § 559.77,

[1] See also § 559.77(5) (stating that due consideration and great weight shall be given to the interpretations of the Federal Act); § 559.552 (interpreting provisions in a light "more protective of the consumer.").

Fla. Stat., regarding the acts made in "good faith" and the "bona fide error" defense. In addition, RUSHMORE alleges that its "actions have not been willful."

The "good faith" and non-willful affirmative defenses fails as a matter of law because the statutes at issue are strict liability statutes with only one exception, the bona fide error defense. See McCorriston v. L.W.T., Inc., 536 F.Supp. 2d 1268, 1277 at n.8 (M.D. Fla. 2008) ("the FDCPA is a strict liability statute"); Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense"). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." Owen, 629 F.3d at 1270.

In addition, the bona fide error defense must be plead with specificity as to the three elements required. See Owen, 629 F.3d at 1271 ("a debt collector bears a three-part burden of showing that its FDCPA violation (1) was 'not intentional'; (2) was a 'bona fide error'; and (3) occurred despite the maintenance of procedures 'reasonably adapted to avoid any such error.'"). However, RUSHMORE's Affirmative Defenses merely restate the language of the statute, and are insufficient under Fed. R. Civ. P. 9(b). Rule 9(b) provides:

> In alleging fraud or *mistak*e, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(Emphasis added). For all averments of fraud or mistake, the circumstances constituting fraud or mistake "must" be stated with particularity. Leatherman v. Tarrant Co. Narcs. Intel. & Coordination Unit, 507 U.S. 163, 168 (1993). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Res. Corp., 128 F. 3d 1074, 1078 (7th Cir. 1997). Merely parroting

the language of the statute cannot possibly be sufficient under this standard. The defense, as pleaded, provides no insight at all as to what the defense, if any, will be.

Plaintiffs believe the "bona fide error" defense does not apply in this case, since RUSHMORE intentionally inserted offensive language into its collection letters. Merely asserting a potential affirmative defense without any factual support is improper. See Aluia v. Dyck-O'Neal, Inc., 2015 WL 4349090, *2 (M.D. Fla. July 14, 2015) (granting plaintiff's motion to strike bona fide error defense); Schmidt v. Synergetic Comms. Inc., 2015 WL 997828, *2 (M.D. Fla. 2015) (Steele, J.) (granting plaintiff's motion to strike bona fide error defense). For these reasons, Defendant's thirteenth, twenty-second and twenty-third affirmative defenses should be stricken.

## IV. CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that RUSHMORE's Affirmative Defenses identified above be stricken with prejudice, pursuant to Fed. R. Civ. P. 8, 9, and 12(f).

## RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on November 24, 2015, undersigned counsel, contacted RUSHMORE's counsel about the relief sought in this motion. However, the undersigned did not tell RUSHMORE's counsel what specific defenses Plaintiff wanted to strike or the basis Plaintiff believed any of RUSHMORE's defenses were inappropriate. On November 24, 2015, RUSHMORE's counsel responded to the undersigned counsel requesting that Plaintiff identify what defenses she believed were improper so that RUSHMORE could consider Plaintiff's request. Because of the Thanksgiving holidays, Plaintiff's counsel did not respond until November 30, 2015, when Plaintiff's counsel e-mailed RUSMORE's counsel a copy of this

motion to review. RUSHMORE's counsel stated that because of the late notification, they will need more than seven hours to consider Plaintiff's request and to discuss it with RUSHMORE. Therefore, RUSHMORE reserves the right to object to the relief sought in this motion, including that Plaintiff has met the requirements of Local Rule 3.01(g). Plaintiff's counsel will supplement this certification once Defendant's counsel indicates whether Defendant objects to the relief sought in this motion.

Dated: November 30, 2015

**VARNELL & WARWICK, P.A.**

By: /s/ Janet R. Varnell
JANET R. VARNELL
Florida Bar No.: 0071072
BRIAN W. WARWICK
Florida Bar No.: 0605573
STEVEN T. SIMMONS, JR.
Florida Bar No.: 0091654
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*ssimmons@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story
Florida Bar No: 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Reid S. Manley
R. Frank Springfield
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
*rmanley@burr.com*
*fspringf@burr.com*

Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT, LLC

/s/ Janet R. Varnell
Janet R. Varnell