**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| RANDOLPH and TABETHA SELLERS, *individually and on behalf of a class of persons similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>3:15-cv-1106-TJC-PDB |

**RUSHMORE LOAN MANAGEMENT SERVICES LLC'S AMENDED RESPONSE IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Rushmore Loan Management LLC ("Rushmore"), by and through its undersigned counsel, hereby submits its Amended Response in Opposition to the Motion to Strike Affirmative Defenses filed by plaintiffs Randolph and Tabetha Sellers (the "Plaintiffs"). For its opposition to the Motion, Rushmore respectfully states as follows:

**I. INTRODUCTION**

In Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 13) (Plaintiffs' "Motion"), Plaintiffs ask the Court to strike fifteen of the twenty-three affirmative defenses set forth in Rushmore's Answer and Affirmative Defenses (ECF No. 12) (Rushmore's "Answer") to Plaintiffs' Class Action Complaint (ECF No. 1) (the "Complaint"). Specifically, Plaintiffs request that the Court strike affirmative defenses 1, 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, and 23. (*See* Pls.' Motion at 3-8). As shown below, none of Plaintiffs' arguments for striking these defenses have merit. Instead, for at least four primary reasons, Plaintiffs' Motion should be denied in its entirety.

*First*, for the vast majority of Rushmore's defenses, Plaintiffs' Motion asserts only that the defenses fail to satisfy the pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because this Court has rightly held that the *Twombly/Iqbal* standard does not apply to defenses, Plaintiffs' Motion to strike these defenses should be denied. *Second*, for the few defenses that Plaintiffs contend should be stricken for some reason other than the *Twombly/Iqbal* standard, Plaintiffs' Motion should be denied because each of these defenses are clearly pleaded in general terms, provide fair notice, and are not clearly invalid as a matter of law. *Third*, Plaintiffs' Motion should be denied because Plaintiffs have failed to show the type of prejudicial harm that is required to merit striking an affirmative defense under Rule 12(f). *Fourth and finally*, Plaintiffs' Motion should be denied because Plaintiffs admittedly failed to satisfy the meet-and-confer requirements set forth at Local Rule 3.01(g).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.   Legal Standard

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "courts generally disfavor motions to strike and deem most of them to be time wasters," in part because of the "stringent standard" that the moving party must satisfy to warrant "the drastic nature of altering a pleading." *See Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014) (Barksdale, J.) (citation omitted). Indeed, courts "usually will not strike something from a pleading unless it does not have any possible connection to the controversy and might prejudice a party if it remains." *Id.* (citing *Assa*

*Compañia De Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 1275 (S.D. Fla. 2014)).

Accordingly, "[a] court will only strike a defense as insufficient if: (1) it is patently frivolous on its face; or (2) it is clearly invalid as a matter of law." *Seybold v. Clapis*, 966 F. Supp. 2d 1312, 1314 (M.D. Fla. 2013) (citing *Guididas v. Cmty. Nat'l Bank Corp.*, No. 8:11-cv-2545, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013)). In other words, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove," such that if "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).[1] In deciding a Rule 12(f) motion, "the movant bears the burden of demonstrating that the challenged matter should be stricken." *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014).

B.     **The *Twombly/Iqbal* pleading standard does not apply to defenses.**

In support of their Motion, Plaintiffs' overarching argument is that the "heightened pleading standard" set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, and that "many" of Rushmore's defenses "fail to meet the pleading standard required," consequently "do[] not provide Plaintiffs with fair notice," and should therefore "be stricken with prejudice." (*See* Pls.' Motion at 2-3, 8). While Plaintiffs are correct that some courts have applied the

---

[1] *See also Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (explaining that "[e]ven deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike.") (citation omitted).

*Twombly/Iqbal* pleading standard to defenses,[2] this Court has rightly held that this standard applies only to "a pleading that states a claim for relief," not to "a response to a pleading" or affirmative defenses. *See Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (Barksdale, J.).  The Court should do so again here.

In declining to apply the *Twombly/Iqbal* standard to affirmative defenses, the Court first correctly recognized a textual distinction between the standard under the Federal Rules for pleading a "claim for relief" under Rule 8(a)(2), and the standard for asserting "a response to a pleading" and "affirmative defenses" under Rules 8(b) and 8(c):

| | |
|---|---|
| **CLAIMS FOR RELIEF UNDER RULE 8(a)(2)** | "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim ***showing*** that the pleader is entitled to relief . . . ." |
| **DEFENSES UNDER RULE 8(b)(1)(A)** | "In responding to a pleading, a party must: . . . ***state*** in short and plain terms its defenses to each claim asserted against it . . . ." |
| **AFFIRMATIVE DEFENSES UNDER RULE 8(c)(1)** | "In responding to a pleading, a party must affirmatively ***state*** any avoidance or affirmative defense . . . ." |

Unlike Fed. R. Civ. P. 8(a)(2), which requires a "showing" that the pleader is entitled to relief, Rules 8(b)(1)(A) and 8(c)(1) require only that a party "state" the party's defenses and

---

[2] As numerous courts have explained, however, courts applying the *Twombly/Iqbal* standard to defenses are now in the minority. *E.g.*, *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (Barksdale, J.) (recognizing "[t]he former approach [applying the *Iqbal-Twombly* standard to defenses] ***is now the minority approach***.") (citation omitted) (emphasis added); *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. 13-cv-2041, 2014 WL 294219, at *10 (N.D. Iowa Jan. 27, 2014) ("At first, the majority of district courts extended the pleading standard articulated in *Twombly* and *Iqbal* to affirmative defenses, but this is now the minority position."); *see also Tsavaris v. Pfizer, Inc.*, --- F. Supp. 3d ---, No. 1:15-cv-21826, 2015 WL 5656126, at *3 (S.D. Fla. Sept. 25, 2015) ("[T]his Court joins the growing number of courts . . . in finding that a lower pleading standard applies to affirmative defenses.  Such an approach is faithful both to the letter and the spirit of Rules 8(b) and (c) . . . .").

affirmative defenses.  *See Moore*, 2014 WL 2527162, at *2; *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) ("While Rule 8(a)(2) requires a pleading stating a claim for relief to include 'a short and plain statement of the claim *showing* that the pleader is entitled to relief,' Rules 8(b) and 8(c) only require parties to *state* their defenses."); *see also Tomason v. Stanley*, 297 F.R.D. 541, 544 (S.D. Ga. 2014) (same).  To hold claims for relief to a different pleading standard than affirmative defenses therefore makes sense, as "'the language of Rule 8(a)(2) on the one hand, and Rules 8(b) and 8(c) on the other, **reflects distinct requirements** imposed on plaintiffs and defendants.'"[3]  *See Narbona v. Micron Precision LLC*, No. 3:14-cv-60, 2014 WL 1875038, at *4 (W.D.N.C. May 9, 2014) (quoting *Aguilar-Gamas v. Scott Farms, Inc.*, No. 5:13-cv-447, 2014 U.S. Dist. LEXIS 20928, at *8 (E.D.N.C. Jan. 6, 2014)) (emphasis added); *E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses.  That Rules 8(b) and 8(c) contain no such language should end a court's inquiry.").

In addition, while the cases cited by Plaintiffs that apply the *Twombly/Iqbal* standard reference issues such as fairness and common sense, and "increasing litigation costs," as grounds for extending the standard to defenses, *see, e.g.*, *Castillo v. Roche Labs. Inc.*, No.

---

[3] Such an interpretation also comports with *Twombly* and *Iqbal*, wherein the Court interpreted Rule 8(a)(2), not Rules 8(b) and 8(c).  In applying the plausibility standard to a "claim for relief," the Court noted that Rule 8(a)(2) required a "showing" of an entitlement relief, thus recognizing that a "showing" requires more than a statement or blanket assertion. *See Twombly*, 550 U.S. at 556 n.3; *see also Iqbal*, 556 U.S. at 679.

1:10-cv-20876, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010), such policy considerations actually support just the opposite, as this Court again recognized in *Moore*. In particular, the Court noted that the time in which a defendant has to respond to a complaint "is insufficient time to gather information necessary to include supporting factual allegations," *see Moore*, 2014 WL 2527162, at *2, and so as one court explained, "it would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead," *see Moore v. City of Tulsa*, No. 4:14-cv-152, 2014 WL 4064041, at *3 (N.D. Okla. Aug. 15, 2014); *see also Gonzalez*, 2013 WL 5970721, at *3 (agreeing that "requiring a defendant to plead detailed factual allegations is unfair when the defendant has only twenty-one days to respond . . . and does not have the opportunity to conduct investigations" (citing *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011))).[4]

Similarly, any "litigation efficiency" gained by applying the *Twombly/Iqbal* standard to affirmative defenses would likely be offset by the increased number of motions — both by plaintiffs seeking to strike the defenses they contend do not satisfy the heightened standard, *see, e.g.*, *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) (recognizing that "requiring more detailed defensive pleading will inevitably lead plaintiffs

---

[4] Notably, the district court in *Adams* recognized that "the Eleventh Circuit has repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the plaintiff with notice of an affirmative defense that may be raised at trial" and has found "that a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense," which the court found "compelling": "If it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense), it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense." *See* 2011 WL 2938467, at *3 (citations omitted).

to file more motions to strike"), and by defendants seeking to amend their answer to plead new defenses identified during discovery, *see, e.g.*, *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 594-95 (D. Md. 2013) (observing that "concerns about judicial efficiency" are "overstated" because whether boilerplate defenses cause more discovery "is presumptively unclear" given that "[t]he discovery rules are written broadly" and because "parties can always seek a protective order in response to onerous discovery requests") (citations omitted).[5]  Simply put, the policy considerations that cases such as *Castillo* claim to support applying the *Twombly/Iqbal* standard to affirmative defenses actually favor just the opposite and, in any event, do not justify disregarding the plain language of Rule 8.  As such, the Court should follow its prior decision in *Moore v. R. Craig Hemphill & Associates* and again refuse to extend the *Twombly/Iqbal* standard to Rushmore's affirmative defenses.

      **C.**     **The Court should not strike Rushmore's affirmative defenses.**

As noted above, Plaintiffs contend that the Court should strike fifteen of Rushmore's defenses — namely 1, 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, and 23 — because, according to Plaintiffs, such defenses are "improperly pled; insufficient as a matter of law; or improper."  (Pls.' Motion at 2).  However, because Plaintiffs have not and cannot show that any defense "is patently frivolous on its face," *see Seybold*, 966 F. Supp. 2d at 1314, or that

---

[5] In declining to extend the *Twombly/Iqbal* standard, the court in *Lockheed Martin* also noted the varying impact of a complaint versus affirmative defenses.  *See* 973 F. Supp. 2d at 595 ("[B]y filing the complaint, the plaintiff invokes the jurisdiction of the federal courts in the first instance.  The primary function of imposing a pleading standard on a plaintiff in the first instance is to ensure that largely groundless claims are not made to take up the time of a number of other people.  On the other hand, affirmative defenses do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability.  Therefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses.") (citations and quotation marks omitted).

Rushmore "cannot succeed" on the defense "under any set of facts which it could prove," *see Reyher*, 881 F. Supp. at 576, Plaintiffs' Motion should be denied.

>  **1.   For most of Rushmore's defenses, Plaintiffs' Motion should be denied because the *Twombly/Iqbal* standard does not apply.**

For the vast majority of Rushmore's defenses — specifically 1, 2, 3, 6, 8, 9, 10, 11, and 16 — the only legal basis that Plaintiffs set forth in their Motion is their incorrect assertion that Rushmore does not "set forth any facts" in support of the defense.  (*See* Motion at 3-4).  Indeed, Plaintiffs repeat substantially the same stale argument over and over again: Rushmore's defenses "do not set forth any facts in support of such defenses" and "do[] not provide Plaintiffs with sufficient information upon which to prepare a response," each time citing to *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, which applied the *Twombly/Iqbal* standard for "claims for relief" under Rule 8(a)(2) to affirmative defenses.  *See* No. 0:09-cv-61436, 2009 WL 4800542, at *2 (S.D. Fla. Dec. 11, 2009) (requiring defendant "to provide both the nature of the defense *and* the grounds upon which it rests . . . in short and plain terms" to "provide Plaintiff with sufficient information upon which to prepare a response").  As shown above, the *Twombly/Iqbal* standard does not apply to defenses, and thus Plaintiffs' sole basis for moving to strike them fails as a matter of law.

Notably, the Court encountered this very scenario in *Moore*, where for many of the defendants' affirmative defenses at issue, the plaintiff relied solely on "the general pleading requirements of Rule 8(a)" (and in turn the *Twombly/Iqbal* pleading standard) in requesting that the Court strike the defenses, arguing (much like Plaintiffs do here) that "the defenses consist of nothing more than boilerplate and bare-bones conclusory allegations with no supporting facts whatsoever."  *See* Pl.'s Motion at 4, *Moore*, No. 3:13-cv-900 (filed Oct. 2,

2013), ECF No. 20.  This Court rejected the argument and expressly "decline[d] to strike the defendants' defense paragraphs on the ground that they do not include supporting factual allegations," explaining that the Court was persuaded by the approach which refused to extend the *Twombly/Iqbal* standard to affirmative defenses "and its fidelity to both the rule that a court must give effect to a law that has plain and unambiguous meaning," as well as "the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains (an adversity left untouched by *Iqbal* and *Twombly*)."  See *Moore*, 2014 WL 2527162, at *2.

Numerous other courts have done the same.  *E.g.*, *Adams*, 2011 WL 2938467, at *6 ("While Defendant has provided no factual support for this defense at this time, the undersigned finds it is an appropriate defense which puts Plaintiff on notice [of the defense]. Plaintiff is free to propound discovery regarding this defense and Defendant will be under a duty to supplement . . . ."); *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10-cv-1218, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011) ("[T]here is no serious risk of ambush from a lack of factual detail supporting Defendant's affirmative defenses.  Plaintiff can more fully explore such factual detail through [discovery] . . . .").  Because the only legal argument for Plaintiffs' Motion to strike defenses 1, 2, 3, 6, 8, 9, 10, 11, and 16 is based solely on their incorrect belief that the *Twombly/Iqbal* standard applies, Plaintiffs' Motion should be denied.

### 2. Rushmore's first defense serves as a specific denial.

Rushmore's first defense states that "Plaintiffs' claims and the claims of any putative class member against Rushmore fail to state a claim upon which relief can be granted," (*see* Answer at 28), which Plaintiffs move to strike because it "does not set forth any facts in

support" and "parrots Rule 12(b)(6)," (*see* Motion at 3). While Plaintiffs' Motion should be denied based solely on Plaintiffs' improper reliance upon the *Twombly/Iqbal* standard, the Motion should also be denied because under Rule 12, "the failure to state a claim upon which relief can be granted" represents a defense that may be asserted in a responsive pleading or a motion. *See* Fed. R. Civ. P. 12(b), 12(h)(2); *see also Moore*, 2014 WL 2527162, at *2 ("[Rule] 12(h)(2) allows a party to raise the failure-to-state-a-claim defense in any pleading that [Rule] 7(a) allows, which includes an answer to a complaint."). Thus, even where courts have found that this defense is not an "affirmative defense," rather than strike it, they have held that the "proper remedy" is to view it "as a specific denial" or as "harmless[]." *See Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:13-cv-338, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (finding where "disputed defenses amount to denials of Plaintiff's claim . . . proper remedy is not to strike the[m], but to treat them as denials"); *see also Moore*, 2014 WL 2527162 ("Given [Rules 12(h)(2) and 7(a)] and the harmlessness of any mistaken designation of the defense as an affirmative one, the Court declines to strike those paragraphs."). Thus, Plaintiffs' Motion to strike Rushmore's first defense should be denied.

### 3. It is premature to strike Rushmore's arbitration defense.

While Plaintiffs again move to strike Rushmore's second defense, which states that "[t]o the extent that Plaintiffs and any putative class member have entered into any arbitration agreements covering their claims against Rushmore, such claims against Rushmore are subject to arbitration," based on the inapplicable *Twombly/Iqbal* pleading standard, Plaintiffs also complains that Rushmore "fails to attach any arbitration agreements to the extent they even exist." (*See* Pls.' Motion at 4). Yet, Rushmore is not required to

attach any applicable arbitration agreement to its Answer, nor is it required to include "supporting factual allegations" regarding any such agreement at this stage of the case. Indeed, while Florida procedural law may require attachment or incorporation under Fla. R. Civ. P. 1.130, no federal counterpart exists. Instead, "[Rule] 10(c) governs as the applicable rule for whether a party must attach a supporting document" to a pleading, and "[p]ursuant to [Rule] 10(c) a party need not attach a copy of the writing upon which his claim for relief or defense is based." *Barnhart v. Am. Home Mortg. Servicing, Inc.*, No. 2:11-cv-569, 2012 WL 366930, at *4 (M.D. Fla. Feb. 3, 2012) ("Because the attachment of exhibits is permissive, Defendant had *no obligation to attach any exhibits on which his defenses rely*. Plaintiffs cannot claim prejudice from Defendant's failure to attach exhibits because *the Federal Rules do not require such attachment*. Therefore, the Court denies Plaintiffs' request to strike . . . defenses because Defendant failed to attach exhibits.") (citation omitted) (emphasis added).

To require Rushmore to obtain any and all applicable arbitration agreements and incorporate or attach them would be an impossible burden. Rushmore's second defense plainly puts Plaintiffs on "fair notice" that if a document is produced or discovered in this litigation and it contains an arbitration agreement between the parties, Rushmore may move to compel arbitration. No more is required, and Plaintiffs' Motion to strike should be denied.

    **4.    Rushmore's twelfth and fourteenth defenses raise relevant and substantial legal and factual questions and are therefore sufficient.**

Rushmore's twelfth defense provides that "[a]ny violation of the law or damage suffered by Plaintiffs or any putative class member, which Rushmore denies, was due to the affirmative actions and/or omissions of Plaintiffs and any putative class member and does not give rise to any liability of Rushmore." (Answer at 30). Rushmore's fourteenth defense

states that "Plaintiffs and any putative class member have suffered no damages from the alleged conduct and/or violations of law by Rushmore, which Rushmore denies, and are not entitled to any award of damages, attorneys' fees, costs, and/ or other expenses or relief." (*Id.*). In addition to arguing that these defenses are insufficient under the *Twombly/Iqbal* standard, which (as shown above) is without merit, Plaintiffs also contend that these defenses are "not sufficient as a matter of law because the statutes at issue are strict liability statutes with only one exception, the bona fide error defense." (*See* Motion at 5 (citing *Tara Prods.*, 2009 WL 4800542, at *2)). The only authority that Plaintiffs cite are two summary judgment cases, neither of which mention striking defenses similar to the those here. (*See id.*).

Simply put, Plaintiffs' Motion to strike Rushmore's twelfth and fourteenth defenses should be denied. Whether couched as defenses or specific denials,[6] these defenses plainly correspond to the civil liability sections of the FDCPA, 15 U.S.C. § 1692k, and the FCCPA, Fla. Stat. § 559.77. Indeed, both statutes allow for, but do not require, an award of "actual" damages for a violation of the statute, and both statutes allow for, but do not require, an award of "additional" damages for a violation of the statute. *See* 15 U.S.C. § 1692k(a); Fla. Stat. § 559.77(2). Whether to award such damages, and in what amount, is based on a number of factors — including those enumerated in the statutes as well as unspecified "other relevant factors" — and "is committed to the sound discretion of the district court." *See Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993). As such, if Rushmore is able to prove its twelfth and fourteenth defenses after discovery by showing, for example, that

---

[6] *E.g.*, *Nobles*, 2015 WL 5098877, at *3 (reiterating that "'[w]hen a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial'") (citation omitted).

"Plaintiffs and any putative class member have suffered no damages from the alleged conduct and/or violations of law by Rushmore, which Rushmore denies," or that any "damage suffered by Plaintiffs or any putative class member, which Rushmore denies, was due to the affirmative actions and/or omissions of Plaintiffs and any putative class member," such proof may negate or limit Plaintiffs' requests for "actual and statutory damages" under the FDCPA and FCCPA.  *See, e.g.*, *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27-28 (2d Cir. 1989) ("Congress provided ample discretion to courts, however, in assessing damages for violations of th[e FDCPA]. . . . We conclude that Pipiles should not be awarded actual damages because she has not established any injury flowing from the [violation of the FDCPA].  Nor is Pipiles entitled to additional damages . . . [because] the Bureau did not intend to deceive or harass Pipiles . . . .  Thus, the nature of the Bureau's noncompliance does not warrant additional damages.").  Because the twelfth and fourteenth defenses "put[] into issue relevant and substantial legal and factual questions, [they are] 'sufficient' and may survive a motion to strike, particularly when [as here, Plaintiffs have made] no showing of prejudice."  *See Reyher,* 881 F. Supp. at 576.  Plaintiffs' Motion should be denied.

        **5.**      **Rushmore's fifteenth affirmative defense is a valid defense to claims under the FDCPA and FCCPA.**

The Court should also deny Plaintiffs' Motion to strike Rushmore's fifteenth defense, which alleges that: "Plaintiffs' claims and the claims of any putative class member fail to the extent that Plaintiffs and any putative class member failed to mitigate their damages, if any, and/or failed to act with reasonable diligence." (*See* Answer at 30).  Specifically, Plaintiffs argue both that the defense is "not properly pled" — which is again incorrect, as the *Twombly/Iqbal* standard does not apply to defenses — and that the defense "cannot stand as a

matter of law" because the FDCPA and FCCPA are strict liability statutes and "[o]nce the communications [at issue] were sent and received, the damage was done and it was impossible for Plaintiffs to mitigate any damages." (*See* Pls.' Motion at 5-6).

Plaintiffs' Motion is again without merit. First, in substance, it is nothing more than a request for the Court to resolve a factual dispute, prior to discovery, based only on their unproven allegations of damages, which they do not specifically and fully articulate in their Complaint. (*See* Complaint at p. 19 (seeking "actual" damages under 15 U.S.C. § 1692k and Fla. Stat. § 559.77)); *see also Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705, 2014 WL 3341142, at *4 (M.D. Fla. July 8, 2014) ("At the pleading stage, the Court will assume the truth of the facts asserted in . . . Defendant's Affirmative Defenses and not resolve factual disputes. . . . Plaintiffs argue the . . . Defense should be stricken because it is factually inaccurate and invalid as a matter of law. . . . [T]he Court must accept as true the allegations in the affirmative defense. Thus, the Motion to Strike . . . is due to be denied.").

Second, Plaintiffs' reliance upon *Holtzman v. Turza*, No. 1:08-cv-2014, 2010 WL 4177150 (N.D. Ill. Oct. 19, 2010, is misplaced, as that case considered a summary judgment motion relating to claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, not a motion to strike defenses to claims under the FDCPA and FCCPA. *Id.* at *1. Here, Plaintiffs' failure to mitigate damages is a valid affirmative defense to Plaintiffs claims under the FDCPA and FCCPA, as, again, Plaintiffs are seeking actual damages. *See, e.g., Petroci v. Transworld Sys., Inc.*, No. 1:12-cv-729, 2012 WL 5464597, at *4 (W.D.N.Y. Oct. 19, 2012), *adopted by* 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012) ("Plaintiff argues . . . that '[o]nce an FDCPA violation has been established, there can be no mitigation defense where

the claim is only for statutory damages.' While that may be true, in this case plaintiff seeks not only statutory damages, but also actual damages . . . . Therefore, TSI should be given the opportunity to determine through discovery whether plaintiff failed to mitigate her actual (rather than statutory) damages . . . .").[7] The failure to mitigate damages is "an affirmative defense under Rule 8(c)'s catchall clause which provides for 'any other matter constituting an avoidance or affirmative defense.'" *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000) (citations omitted). Rushmore has provided fair notice, which is all that is required at this stage of the case. Plaintiffs' Motion should be denied.

### 6. Rushmore's thirteenth, twenty-second, and twenty-third defenses are more than sufficient to provide fair notice of the defenses.

Lastly, Plaintiffs move to strike Rushmore's thirteenth, twenty-second, and twenty-third defenses, (*see* Motion at 6-8), wherein it alleges that its "conduct was in good faith" and that it acted "without malice or intent to injure Plaintiffs and any putative class member," and that "[a]ny violation of law, which Rushmore denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error," (*see* Answer at 30, 32). None of Plaintiffs' arguments have merit.

At the outset, Plaintiffs contend that "[t]he 'good faith' and non-willful affirmative defenses fails as a matter of law because the statutes at issue are strict liability statutes [except for] the bona fide error defense." (*See* Motion at 7). While at times some courts may have referred to the FDCPA and FCCPA in terms of strict liability, it is still undisputed that

---

[7] Even Plaintiffs' own proffered authority shows that the failure to mitigate damages is a valid affirmative defense in FDCPA cases. *See Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81, 2015 WL 4349090, at *2 (M.D. Fla. July 14, 2015) (reiterating that "in FDCPA cases mitigation of damages is an appropriate affirmative defense") (citation omitted).

Rushmore's good faith intent and lack of malice or willfulness are relevant to whether and in what amount damages are to be awarded under the statutes. *See, e.g.*, *Pipiles*, 886 F.2d at 27-28 (agreeing that while Bureau technically violated the FDCPA, plaintiff is not entitled to additional damages because "Bureau did not intend to deceive or harass [plaintiff]"). Plaintiffs' Motion to strike should be denied for this reason alone.

Plaintiffs also argue that Rushmore's bona fide error defense "must be plead with specificity" under Rule 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." (*See* Motion at 7). Plaintiffs claim that "[m]erely asserting a potential affirmative defense without any factual support is improper," and that they "believe the 'bona fide error' defense does not apply in this case." (*See id.* at 8). Simply put, that Plaintiffs "believe" the bona fide error defense to be inapplicable — a "factual dispute[]" at best — does not warrant striking it, *see Muschong*, 2014 WL 3341142, at *4, and as this Court has already found, Rushmore is not required to provide "supporting factual allegations" pursuant to the *Twombly/Iqbal* standard, as that standard does not apply, *see Moore*, 2014 WL 2527162, at *2. Plaintiffs' attempt to support their argument by citing to *Schmidt v. Synergetic Communications, Inc.*, 2:14-cv-539, 2015 WL 997828, at *1-3 (M.D. Fla. Mar. 5, 2015) (applying *Twombly/Iqbal* standard to defenses and granting leave to amend), and *Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81, 2015 WL 4349090, at *1-2, 4 (M.D. Fla. July 14, 2005) (relying solely on *Schmidt* in granting unopposed motion to strike bona fide error defense, and granting leave to amend), is therefore ineffective, as in both cases the issue was ultimately decided pursuant to the *Twombly/Iqbal* standard. Moreover, Plaintiffs' argument under Rule 9(b) — which, even if

applicable, expressly allows for "[m]alice" and "intent" to be alleged "generally" — should also be rejected, just as a number of courts have done before:

> [D]efendant M.R.S. . . . has averred as an affirmative defense that its alleged acts and omissions were the result of an "innocent mistake or bona fide error." Plaintiff . . . moves . . . to strike th[e] . . . defense . . . [for] fail[ure] to plead in sufficient detail [under Rule 9] the "facts" underlying . . . "mistake" . . . .
>
> The requirement of Rule 9 to state fraud with particularity protects a defendant . . . from "fishing expeditions" based on conclusory allegations of fraud (or mistake). . . . [T]he goal is "to discourage the filing of complaints with vague conclusions 'as a pretext for discovery of unknown wrongs.'" [Plaintiff] asserts that, "[t]his reasoning applies with equal weight to Defendant's conclusory affirmative defense." ***Not so. A party hauled into court arguably should not be exposed to discovery based on the opposing party's unsubstantiated allegations that the party engaged in fraud or committed a mistake. Here, in contrast, M.R.S. is not alleging that [Plaintiff] committed a fraud or was mistaken, but that [it] may have acted (or failed to act) through a good faith error. M.R.S. is not using vague or conclusory allegations as a license to conduct discovery into [Plaintiff's] affairs, rather [it] has only exposed itself to further inquiry into what constituted the alleged "bona fide error." No rule or policy weighs against requiring [Plaintiff] to use the discovery process to explore what, if any, factual and evidentiary basis M.R.S. may have to support that averment.***
>
> . . . The pleading is more than sufficient to give [Plaintiff] fair notice of the defense and does not give rise to the potential prejudice that FRCP 9 is designed to prevent. Accordingly, the motion is denied.

*E.g.*, *Saeedi v. M.R.S. Assocs., Inc.*, No. 5:07-cv-1584, 2007 WL 1875975, at *1 (N.D. Cal. June 28, 2007) (citations omitted) (emphasis added); *see also Thompson v. Law Office of Joseph Onwuteaka, PC*, No. 4:13-cv-441, 2013 WL 4787777, at *2 (S.D. Tex. Sept. 9, 2013) ("Defendants adequately assert the bona fide error defense, stating that the alleged violation . . . happened, if at all, 'despite defendants' efforts to prevent its occurrence.'").[8]

---

[8] *See also Sewell v. Allied Interstate, Inc.*, No. 3:10-cv-113, 2011 WL 32209, at *8 (E.D. Tenn. Jan. 5, 2011) (refusing to strike unexplained bona fide error defense because "Plaintiffs were given 'fair notice of the nature' of the defense" and "[n]othing more is required").

Here, Rushmore has alleged that if Plaintiffs can establish a violation of the FDCPA or the FCCPA, that Rushmore may have acted (or failed to act) as a result of a bona fide error, which, at this stage of the case (before discovery), is "more than sufficient to give [Plaintiffs] fair notice." *See Saeedi*, 2007 WL 1875975, at *1. Thus, while Plaintiffs are, in substance, arguing that Rushmore must effectively concede liability in order to sufficiently allege a bona fide error defense, that is simply not the standard. Instead, because Rushmore's bona fide error defense must be "accept[ed] as true, *see Muschong*, 2014 WL 3341142, at *4, and is neither "patently frivolous on its face," nor "clearly invalid as a matter of law," *see Seybold*, 966 F. Supp. 2d at 1314, Plaintiffs' Motion to strike should be denied.

### D. <u>Plaintiffs have not even attempted to show prejudice</u>.

In addition, Plaintiffs' Motion should be denied because they have not shown how they are prejudiced by the defenses. *See Reyher*, 881 F. Supp. at 576 (explaining that if "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice"); *see also Cincinnati Ins. Co.*, 2014 WL 585426, at *2 (clarifying that "movant bears the burden of demonstrating that the challenged matter should be stricken"). In fact, Plaintiffs have not even attempted to make this showing, as the only time they even reference the term "prejudice" is to request that the defenses "be stricken with prejudice." (*See* Motion at 8).

Plaintiffs' failure to demonstrate prejudice is hardly surprising, as district courts have time and again rejected arguments that affirmative defenses without supporting factual allegations are prejudicial, finding the arguments to be "overstated" and "unconvincing," and that they do not demonstrate the type of prejudice required under Rule 12(f). *See, e.g.*,

*Lockheed Martin*, 973 F. Supp. 2d at 596 (explaining that while plaintiff alleges it would be prejudiced by failure to strike the defenses it "'has identified no prejudice that would result from the Court's consideration of [the defenses], except perhaps the prejudice that litigants faced with meritorious [defenses] invariably incur,'" and for that reason "the Court denies Plaintiff's Motion"). Indeed, a district court in Maryland summarized the issue as follows:

> Sprint . . . argu[es] that it would be prejudiced by having to expend discovery resources confronting defenses that it alleges are conclusory or meritless. This argument is unconvincing. [If] any of the allegedly defective defenses . . . have no basis, there will be nothing for Sprint to discover or litigate. If the defendants can adduce evidence supporting the[m] . . . granting the motion to strike and permitting the defendants time to amend their answer to more thoroughly explain the basis of each defense . . . will only delay the inevitable litigation of the merits. Otherwise, if no valid basis exists . . . then the pled defenses will have little impact . . . going forward. Accordingly, the court is not persuaded by Sprint[] . . . and its motions to strike . . . will be denied.

*Sprint Nextel Corp. v. Simple Cell, Inc.*, No. 1:13-cv-617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013). Because Plaintiffs cannot show prejudice, their Motion should be denied.

### E. Plaintiffs failed to satisfy the meet-and-confer and certification requirements set forth at Local Rule 3.01(g).

Finally, Plaintiffs' Motion should be denied because Plaintiffs have not complied with Local Rule 3.01(g), which required their counsel to "confer" with Rushmore's counsel "in a good faith effort to resolve the issues raised by [their] motion," and to file a written certification of the same with the Motion. Notably, a certification that Rushmore's counsel "was unavailable for a conference before filing a motion is insufficient." Here, Plaintiffs admit that their counsel did not inform Rushmore's counsel of the issues underlying their Motion until the same day that they intended to file it. (Motion at 8-9). Rushmore's counsel stated that more time was needed for review, and suggested Plaintiffs file an unopposed

motion to extend the time to file it. Plaintiffs' counsel did not respond and instead filed the Motion, noting therein Plaintiffs' failure to confer in good faith beforehand. (*See id.*). Because Plaintiffs failed to satisfy Local Rule 3.01(g), Plaintiffs' Motion should be denied.

### III. CONCLUSION

For these reasons, Rushmore respectfully requests that the Court deny Plaintiffs' Motion in its entirety. In the alternative, if the Court concludes that any of Rushmore's defenses fail to provide "fair notice," rather than strike the defense, Rushmore requests leave to amend its Answer and provide additional facts as the Court deems necessary.

Respectfully submitted this 21st day of December, 2015.

          /s/ Reid S. Manley
Reid S. Manley (FL Bar # 0011612)
R. Frank Springfield (FL Bar # 0010871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
rmanley@burr.com
fspringf@burr.com

Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT LLC

### CERTIFICATE OF SERVICE

I hereby certify that on December, 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  *N/A*  .

          /s/ Reid S. Manley
Of Counsel