United States District Court
Middle District of Florida
Jacksonville Division

**RANDOLPH & TABETHA SELLERS,**
**INDIVIDUALLY AND ON BEHALF OF**
**ALL OTHERS SIMILARLY SITUATED,**

    *Plaintiffs,*

v.                                                          NO. 3:15-CV-1106-J-32PDB

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC,**

    *Defendant.*

___

# Order

Before the Court is the plaintiffs' motion to strike defenses from the defendant's pleading, Doc. 13, and the defendant's response in opposition, Doc. 17.

## I.   Overview

The plaintiffs allege the defendant violated and continues to violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55–559.785, by trying to collect debts discharged in bankruptcy actions. Doc. 1. In addition to class certification, they seek actual damages, statutory damages, declaratory relief, injunctive relief, and disgorgement of ill-gotten sums. Doc. 1 at 19−20. The defendant denies liability and asserts twenty-three defenses. Doc. 12.

**II.    Law**

*A.    Procedural Law*

Local Rule 3.01(g) requires a party to confer with opposing counsel in a good faith effort to resolve an issue before filing a motion. Section I.A.2 of the *Middle District Discovery Handbook* explains "confer" means "a substantive discussion." It adds: "Many potential … disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith. Rule 3.01(g) is strictly enforced. A motion that does not comply with the rule may be summarily denied." *Handbook* § I.A.2.

Federal Rule of Civil Procedure 1 provides the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The recent addition of "and the parties" places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

Federal Rule of Civil Procedure 7(a) specifies permissible pleadings, including a complaint and an answer. Federal Rule of Civil Procedure 8 governs the contents of pleadings. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An answer must "state in short and plain terms" the defenses to each claim and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1). Federal Rule of Civil Procedure 9(b) adds a party alleging fraud or mistake "must state with

particularity the circumstances constituting fraud or mistake."[1] Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 12(h)(2) allows a party to raise failure to state a claim upon which relief may be granted in any pleading Rule 7(a) allows.

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if "it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Insufficiency depends on the claim for relief and the defense. *Id.*

"Partly because of the practical difficulty of deciding cases without a factual record[,] it is well established that … striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for … justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instr. of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoted authority and alterations omitted); *see also* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

---

[1] "A well-pleaded claim grounded on mistake should include averments of what was intended, what was done, and how the mistake came to be." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1299.

An affirmative defense raises a matter extraneous to the prima facie case, and the party raising it usually must prove it.² *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). A denial asserts defects in the prima facie case and is not an affirmative defense. *Id.* If a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike it but to treat it as denial. *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 220−21 (D. Conn. 2000); *accord* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1269.

**B.    *Substantive Law***

The FDCPA and FCCPA prohibit unfair debt-collection practices. 15 U.S.C. §§ 1692b−1692j; Fla. Stat. § 559.72. A debt collector who fails to comply is liable to any affected individual for actual damages and statutory damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1), (a)(2)(A); Fla. Stat. § 559.77(2). To decide statutory damages, a court must consider the frequency and persistence of the noncompliance, the nature of the noncompliance, the extent to which the noncompliance was intentional, and, under the FDCPA, unspecified "other relevant factors." 15 U.S.C. § 1692k(b)(1); Fla. Stat. § 559.77(2). Under the FCCPA, a court may also award punitive damages and "such equitable relief as it deems necessary and proper."³ Fla. Stat. § 559.77(2).

---

²Affirmative defenses include accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Fed. R. Civ. P. 8(c)(1).

³In a class action, a debt collector who fails to comply with the FDCPA or FCCPA is liable for any amount each named plaintiff could recover and an amount the court may allow for other class members not to exceed the lesser of $500,000 or 1

A debt collector may not be held liable under the FDCPA or FCCPA if it shows the violation was not intentional and from a bona fide error despite maintenance of procedures reasonably adapted to avoid the error. 15 U.S.C. § 1692k(c); Fla. Stat. § 559.77(3). That defense applies to a violation resulting from a clerical or factual error but not from a legal error. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 576, 581–85 (2010) (interpreting the FDCPA). Furthermore, the FDCPA's liability provisions do not apply "to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau [of Consumer Financial Protection]." 15 U.S.C. § 1692k(e).

## III. Analysis

The Court denies the motion to strike for failure to comply with Local Rule 3.01(g). By belatedly informing the defendant of the issues in the motion to strike and failing to move for more time to file the motion to conduct a good faith conference, the plaintiffs did not comply with Local Rule 3.01(g). A meaningful substantive discussion could have resulted in no motion, a more limited motion, or an amended pleading.

The Court denies the motion to strike for the following alternative reasons.

---

per centum of the net worth of the debt collector. 15 U.S.C. § 1692k(a)(2)(B); Fla. Stat. § 559.77(2). The FCCPA adds that the aggregate award of any additional statutory damages to an individual class member cannot exceed $1000. Fla. Stat. § 559.77(2). To decide the amount of a class action award under the FDCPA, a court must consider the factors for damages to an individual as well as the resources of the debt collector and the number of persons adversely affected. 15 U.S.C. § 1692k(b)(2).

For many defenses, the plaintiffs' argument concerns the defendant's failure to allege factual bases. Doc. 13 at 2–5. The argument is based on the notion the pleading standards in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007), apply to defenses. The Court has carefully considered and rejected the argument in other cases. *See Ability Housing of NE Fla., Inc. v. City of Jacksonville,* No. 3:15-cv-1380-J-32PDB, 2016 WL 816586, at *2 (M.D. Fla. Mar. 2, 2016) (unpublished), and *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (unpublished). Not persuaded to do otherwise here, the Court rejects the argument for the reasons stated in those cases.

For its first defense, the defendant states, "Plaintiffs' claims and the claims of any putative class member against [the defendant] fail to state a claim upon which relief can be granted." Doc. 12 at 28. The plaintiffs argue the Court should strike the defense because the defendant should have raised it in a motion to dismiss. Doc. 13 at 3. The Court rejects the argument because Rule 12(h)(2) allows a party to raise the defense in an answer.

For its twelfth defense, the defendant states, "Any violation of the law or damage suffered by Plaintiffs or any putative class member, which [the defendant] denies, was due to the affirmative actions and/or omissions of Plaintiffs and any putative class member and does not give rise to any liability of [the defendant]." Doc. 12 at 30. For its fourteenth defense, the defendant states, "Plaintiffs and any putative class member have suffered no damages from the alleged conduct and/or violations of

law by [the defendant], which [the defendant] denies, and are not entitled to any award of damages, attorneys' fees, costs, and/or other expenses or relief." Doc. 12 at 30. And for its fifteenth defense, the defendant states, "Plaintiffs' claims and the claims of any putative class member fail to the extent that Plaintiffs and any putative class member failed to mitigate their damages, if any, and/or failed to act with reasonable diligence." Doc. 12 at 30. The plaintiffs argue the Court should strike the defenses because the FDCPA and FCCPA impose strict liability and damages accrued upon the defendant's sending of the allegedly offending communications. Doc. 13 at 5−6. The Court rejects the argument given that, in a case raising FDCPA and FCCPA claims, a court may consider many things in determining whether to award statutory damages, how much they should be, and whether to provide equitable relief. The defenses or denials merely notify the plaintiffs of how the defendant plans to defend the case and do no harm in remaining.

For its thirteenth defense, the defendant asserts its "actions have not been willful, let alone willful to the extent that they violate Florida or federal law. To the contrary, at all times and under all circumstances relevant to Plaintiffs' claims and the claims of any putative class member, [the defendant] acted in good faith and without malice or intent to injure Plaintiffs and any putative class member." Doc. 12 at 30. For its twenty-third defense, the defendant asserts it "hereby incorporates all other defenses available under the FDCPA and/or FCCPA, including, but not limited to, that [the defendant]'s conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or any advisory opinion of the Bureau

of Consumer Financial Protection." Doc. 12 at 32. The plaintiffs argue the Court should strike the defenses because the FDCPA and FCCPA allow only a bona-fide-error defense and no other. Doc. 13 at 6−7. The Court rejects the argument because "not intentional" is part of the bona-fide-error defense, 15 U.S.C. § 1692k(c); Fla. Stat. § 559.77(3), and conformity with an advisory opinion would shield the defendant from FDCPA liability, 15 U.S.C. § 1692k(e). The defenses are not insufficient.

For its twenty-second defense, the defendant asserts, "Any violation of law, which [the defendant] denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." Doc. 12 at 32. The plaintiffs argue the Court should strike that defense because, in merely parroting FDCPA and FCCPA language, it fails to satisfy Rule 9(b)'s heightened requirement for alleging mistake. Doc. 13 at 7−8.

Courts have struggled to find reasons for requiring mistake to be alleged with particularity because principal reasons for requiring fraud to be alleged with particularity—ensuring a fraud allegation is "responsible and supported, rather than defamatory and extortionate," *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007), and alerting a litigant to "the precise misconduct with which [it is] charged," *United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012)—do not apply to mistake. *See Bankers Tr. Co. v. Old Rep. Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (finding no judicial or scholarly discussion of the rationale for requiring mistake to be alleged with particularity, finding only two cases in last half century in which a complaint was dismissed for failure to allege

mistake with particularity, and supposing "mistake" aspect of Rule 9(b) may be "dead letter").

The best explanation points to the longstanding adversity to undermining a commercial transaction and the resulting heightened burden of proving mutual mistake sufficient to rescind or reform a contract. See *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 201−02 (M.D.N.C. 1997) ("The disfavored nature of the action (because it overturns existing agreements) as evidenced by the heightened burden of proof appears to be the reason for the inclusion of mistake in Rule 9(b)."); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1296 ("[S]ince assertions of fraud or mistake often are involved in attempts to reopen completed transactions …, courts are unwilling to entertain charges of this type unless they are based on allegations that are sufficient to show whether the alleged injustice is severe enough to warrant the risks and difficulties inherent in a re-examination of old and settled matters.").

There is overlap in the terms "mistake" and "error"; they can mean the same thing but, depending on context, can mean different things. See *Veracode, Inc. v. Appthority, Inc.*, No. 12-10487-DPW, 2013 WL 5587946, at *6 (D. Mass. Oct. 9, 2013) (unpublished) ("The word 'error' does not necessarily imply 'mistake.' Although these two words have overlapping definitions, they are not entirely synonymous."); *Application of Wadlinger*, 496 F.2d 1200, 1207 (U.S.C.P. 1974) ("'[M]istake' has a broad sweep and is certainly inclusive of actions taken in full consciousness.").

While recognizing most if not all courts have ruled otherwise,[4] in light of the plain language of Rule 9(b) ("mistake," not "bona fide error"), apparent rationale for including mistake in Rule 9(b) having nothing to do with genuine clerical or factual errors that may statutorily shield a debt collector from liability, and recognition that striking and allowing amendment would slow progress and increase costs without promoting justice, *see* Fed. R. Civ. P. 1, the Court rules the particularity requirement for mistake allegations does not extend to bona-fide-error allegations under the FDCPA and FCCPA.[5] Because the bona-fide-error defense is not insufficient (i.e., it

---

[4]Courts that have required the bona-fide-error defense to be pleaded in accordance with Rule 9(b) have provided no reasoning or only the observations that the defense sounds in mistake and other courts have done so. *See Youssofi v. Allied Interstate LLC*, 15CV2197-GPC(JLB), 2016 WL 29625, at *3 (S.D. Cal. Jan. 4, 2016) (unpublished); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 82 (D. Conn. 2015); *Savage v. Citibank N.A.*, No. 14-cv-03633-BLF, 2015 WL 4880858, at *2 (N.D. Cal. Aug. 14, 2015) (unpublished); *Walker v. Credit Control Servs., Inc.*, No. 8:15-cv-1114-T-17TGW, 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015) (unpublished); *Nguyen v. HOVG, LLC*, No. 14cv837 BTM, 2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014) (unpublished); *Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-cv-1200-Orl-18TBS, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) (unpublished); *Lowe v. Diversified Consultants, Inc.*, No. 12 C 2009, 2012 WL 3776715, at *1 (N.D. Ill. Aug. 30, 2012) (unpublished); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07C5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008) (unpublished).

[5]The Eleventh Circuit has extended Rule 9(b) beyond common-law fraud allegations to statutory fraud allegations, *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1052 (11th Cir. 2015); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001), to fraud allegations even if the elements of the claim asserted do not perfectly overlap with the elements of common-law fraud, *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1309, 1311 (11th Cir. 2002), and to allegations that merely "sound" in fraud, *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 950 (11th Cir. 2014). The reason for extending "fraud"—fraud under any umbrella connotes deliberate wrongdoing and therefore implicates the concerns underlying the reason for a heightened pleading requirement for fraud—does not apply in the mistake context.

does not appear to a certainty the plaintiffs would succeed despite any set of facts the defendant could prove to support the defense, *see First Nat'l Bank of Jackson*, 614 F.2d at 1008), redundant, immaterial, impertinent, or scandalous, there is no basis for striking it under Rule 12(f). The plaintiffs can readily learn the particulars they need through basic discovery and probably have already.

## Conclusion

The Court **denies** the motion to strike, Doc. 13.

**Ordered** in Jacksonville, Florida, on May 26, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record