UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDOLPH AND TABETHA SELLERS,
individually and on behalf of a class of persons
similarly situated,

      Plaintiffs,

vs.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

      Defendant.
_____/

Case No.: 3:15-cv-1106-TJC-PDB

**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S MOTION FOR RECONSIDERATION OF RULING ON SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Rushmore Loan Management Services, LLC ("Rushmore"), by counsel, hereby files its Motion for Reconsideration of the Court's May 3, 2017 Order on Rushmore's Motion for Summary Judgment and Memorandum in Support. (Dkt. No. 55).

### INTRODUCTION

In light of the Eleventh Circuit's recent decision in *Helman v. Bank of America, N.A.*, ___ F. App'x ____, No. 15-13672, 2017 WL 1350728 (11th Cir. Apr. 12, 2017) (attached as **Exhibit A**), Rushmore respectfully requests that the Court reconsider its ruling on Rushmore's Motion for Summary Judgment (Dkt. No. 33). In *Helman*, the Eleventh Circuit affirmed the district court's dismissal of the plaintiff's claim that sending a mortgage statement after the discharge of the mortgage debt in bankruptcy violates the FCCPA, holding that "no consumer – even the least sophisticated one – could have been misled into thinking that [Bank of America] was seeking to collect against [the plaintiff] personally on the basis of the monthly statements Helman

received." 2017 WL 1305728, at *4. As a result of the Eleventh Circuit's position that these post-discharge mortgage statements are not misleading, Rushmore respectfully requests that the Court reconsider its May 3, 2017 ruling and grant Rushmore's Motion for Summary Judgment on both the FDCPA and FCCPA claims of the Complaint.

## LEGAL STANDARD

Rushmore brings this Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), which provides:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims of parties and may be revised at any time before the entry of a judgment adjudicating all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under Rule 54(b), a district court has the power to reconsider judgments, including summary judgments, prior to the final judgment where reconsideration is warranted. *See Fleet Global Services, Inc. v. Republic Western Ins. Co.*, No. 6:04-cv-954, 2007 WL 1201295, at *2 (MD. Fla. Apr. 23, 2007) (granting the Motion for Reconsideration of a ruling denying summary judgment). "[C]ourts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

The Eleventh Circuit issued its opinion in *Helman v. Bank of America, N.A.* on April 12, 2017, after Rushmore's Motion for Summary Judgment had been fully briefed and argued. Accordingly, this Motion for Reconsideration is the first opportunity to present this change in the law since the submission of Rushmore's Motion to the Court.

**ARGUMENT**

I. *Helman v. Bank of America, N.A.* **found that similar disclaimer language, in light of the circumstances specific to the plaintiff, did not violate the same provision of the FCCPA on which Plaintiffs base their claims.**

Based on the Eleventh Circuit's ruling in *Helman v. Bank of America*, No. 15-13672, 2017 WL 1350728 (11th Cir. Apr. 12, 2017),[1] that post-discharge mortgage statements do not violate the FCCPA, Rushmore requests that the Court reconsider its ruling denying summary judgment on Plaintiffs' FCCPA and FDCPA claims. In affirming the dismissal of the same FCCPA claims that Plaintiffs allege in this case in *Helman v. Bank of America, N.A.*, the Eleventh Circuit interpreted not only the content of the statements the plaintiff received, but also the context in which the plaintiff received the statements. Therefore, while the least sophisticated consumer standard is objective, its application encompasses all of the information available to a plaintiff, not just the language of the mortgage statement itself. *Helman* acknowledges that whether a statement is misleading is not just based on the content of the mortgage statement as a whole, but the totality of information that a plaintiff acquires from sources outside of the four corners of the mortgage statement, including the bankruptcy discharge order.

---

[1] As a bit of background, *Helman v. Bank of America* ("*Helman*") is a related case to *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319 (S.D. Fla. 2014) ("*Helman v. Udren Law Offices*") cited in Rushmore's Motion for Summary Judgment. Helman initially filed suit against Bank of America, and the Southern District dismissed her federal FDCPA claim against Bank of America and transferred her state law claims to bankruptcy court. *Helman*, 2017 WL 1350728, at *1. In the bankruptcy court, the parties represented that there was no argument that the injunction had been violated, and the suit returned to district court. *Id.* While *Helman* was pending, the plaintiff filed a separate suit against Udren Law Offices and Nationstar Mortgage Holdings, claiming violations of the FDCPA and FCCPA based on correspondence the plaintiff received from those defendants, which were also dismissed. *See Helman v. Udren Law Offices*, 85 F. Supp. 3d 1319, 1322. Plaintiff Helman appealed the dismissal of her state law claims to the Eleventh Circuit, and the Court issued its decision on April 12, 2017, affirming that the statements plaintiff received following the discharge of her mortgage debt in bankruptcy were not misleading under the FCCPA, Fla. Stat. § 559.72(9).

3

The Court in *Helman* held that "[t]he least sophisticated consumer in Helman's position necessarily would have had at least the following knowledge: that she had been through the bankruptcy process and received a discharge; that she had no personal liability on the home mortgage; and that the debt had been discharged but that the bank could still enforce its mortgage." *Helman*, 2017 WL 1350728, at *4.

The Eleventh Circuit cited to the language of the mortgage statements sent monthly to the plaintiff by Bank of America in *Helman*:

> Our records indicate that in the past you received a discharge of this debt in a bankruptcy case. Section 524 of the Bankruptcy Code tells us the discharge of this debt means you have no personal obligation to repay it. **The discharge also protects you from any efforts by anyone to collect this discharged debt as a personal liability of the debtor.** You cannot be pressured to repay this debt. **On the other hand, the security agreement allows foreclosure if the requirements under the loan documents are not met.**

*Id.* at *4 (emphasis added). While the specific wording of the disclaimer in Mortgage Statement II is different, the message is identical:

> This is an Informational Statement for borrowers in bankruptcy or borrowers whose debt has been discharged in bankruptcy. **It is not an attempt to collect a debt.** Please note that even if your debt has been discharged in bankruptcy and you are no longer personally liable on the debt, **the lender may, in accordance with applicable law, pursue its rights to foreclose on the property securing the debt**. . . .
>
> Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, **this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.**

(Exh. I to Rushmore's Motion for Summary Judgment, Dkt. No. 33) (emphasis added). Mortgage Statement I also tracks the language present in Bank of America's statements to Helman:

4

> This communication is from a debt collector and any information received will be used for that purpose. **This does not imply that Rushmore Loan Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes.**

(Exh. H to Rushmore's Motion for Summary Judgment, Dkt. No. 33) (emphasis added).

Upon receiving either of the mortgage statements, Plaintiffs would have been informed that they "(1) [have] no personal obligation to repay the debt; (2) [are] not personally liable for the debt; and (3) cannot be pressured to repay the debt." *Helman*, 2017 WL 1350728, at *4. This language, combined with the content of the bankruptcy discharge order informing Plaintiffs that the "discharge prohibits any attempt to collect from the debtors a debt that has been discharged" clearly and unequivocally informed Plaintiffs that Rushmore was not attempting to collect against Plaintiffs personally. (Exh. C to Mot. for Summary Judgment, Dkt. No. 33-3).

Based on the same information available to the plaintiff, the Court in *Helman* was "unable to conclude that a debtor, having been so informed, could have been misled into believing that the Bank was implying a right to proceed against her personally." *Helman*, 2017 WL 1350728, at *4. Accordingly, *Helman* instructs that Plaintiffs cannot ignore the clear language of their bankruptcy discharge order and the clear informational disclaimers in their mortgage statements to reach a conclusion contrary to what those documents clearly state.

## II.     *Helman* extends to the FDCPA claims of Plaintiffs' Complaint.

The plaintiff's FDCPA claim in *Helman* was dismissed based on whether Bank of America constituted a debt collector according to the text of the FDCPA. Nevertheless, the Court's analysis of the FCCPA violations and whether the statements could have misled the least sophisticated consumer applies with equal force to Plaintiffs' FDCPA claims regarding the same mortgage statements. Like the FCCPA, the FDCPA uses the least sophisticated consumer

standard to analyze whether a communication is false, deceptive, confusing, or abusive. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The elements of proof of an FCCPA claim are more difficult to satisfy, as plaintiffs have to prove an added intent element that a defendant is seeking to enforce a debt it has actual knowledge is not legitimate. *See*, *e.g.*, *Cole v. Lobello Painting, Inc.*, No. 8:06-cv-2171, 2007 WL 2330860 (M.D. Fla. Aug. 14, 2007). Both the FDCPA and FCCPA in this context require an analysis into whether or not the mortgage statements lead the least sophisticated consumer into believing that the defendant is attempting to personally collect on a debt for which the consumer no longer has a personal obligation. Accordingly, the Eleventh's Circuit's analysis and holding should be applied to dismiss Plaintiff's claims that Rushmore violated the FDCPA. *See Helman*, 2017 WL 1350278, at *3 (determining whether "the monthly statements sent to [the plaintiff] after her bankruptcy discharge were implied assertions of a right to collect against her personally").

## CONCLUSION

For the foregoing reasons, Rushmore Loan Management Services, LLC, by counsel, respectfully requests that the Court reconsider its Order (Dkt. No. 55) and grant Rushmore's Motion for Summary Judgment as to all counts.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned certifies that counsel for Defendant has conferred with counsel for Plaintiffs prior to filing this Motion. Counsel for Plaintiffs opposes the resolution of the Motion.

Dated: May 16, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Amy L. Drushal*
　　　　　　　　　　　　　　　　　　　　　AMY L. DRUSHAL, Florida Bar No. 0546895
　　　　　　　　　　　　　　　　　　　　　adrushal@trenam.com / tfowler@trenam.com
　　　　　　　　　　　　　　　　　　　　　TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
　　　　　　　　　　　　　　　　　　　　　O'NEILL & MULLIS, P.A.
　　　　　　　　　　　　　　　　　　　　　101 E. Kennedy Blvd., Suite 2700
　　　　　　　　　　　　　　　　　　　　　Tampa, FL 33602
　　　　　　　　　　　　　　　　　　　　　Telephone: 813-223-7474
　　　　　　　　　　　　　　　　　　　　　*Co-counsel for Rushmore Loan Management Services, Inc.*

　　　　　　　　　　　　　　　　　　　　　John C. Lynch, admitted *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　TROUTMAN SANDERS LLP
　　　　　　　　　　　　　　　　　　　　　222 Central Park Avenue, Suite 2000
　　　　　　　　　　　　　　　　　　　　　Virginia Beach, Virginia 23462
　　　　　　　　　　　　　　　　　　　　　Telephone: (757) 687-7765
　　　　　　　　　　　　　　　　　　　　　Facsimile: (757) 687-1504
　　　　　　　　　　　　　　　　　　　　　E-mail: john.lynch@troutmansanders.com
　　　　　　　　　　　　　　　　　　　　　*Co-counsel for Rushmore Loan Management Services, Inc.*

　　　　　　　　　　　　　　　　　　　　　Jon S. Hubbard, admitted *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　TROUTMAN SANDERS LLP
　　　　　　　　　　　　　　　　　　　　　1001 Haxall Point
　　　　　　　　　　　　　　　　　　　　　Richmond, VA 23219
　　　　　　　　　　　　　　　　　　　　　Telephone: (804) 697-1407
　　　　　　　　　　　　　　　　　　　　　Facsimile: (804) 697-1339
　　　　　　　　　　　　　　　　　　　　　Email: jon.hubbard@troutmansanders.com
　　　　　　　　　　　　　　　　　　　　　*Co-counsel for Rushmore Loan Management Services, Inc.*

　　　　　　　　　　　　　　　　　　　　　Justin Wong (Fla. Bar No. 89447)
　　　　　　　　　　　　　　　　　　　　　TROUTMAN SANDERS, LLP
　　　　　　　　　　　　　　　　　　　　　600 Peachtree Street, N.E., Suite 5200
　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30308-2216
　　　　　　　　　　　　　　　　　　　　　(404) 885-3974 (phone)
　　　　　　　　　　　　　　　　　　　　　(404) 885-3900 (fax)
　　　　　　　　　　　　　　　　　　　　　Email: justin.wong@troutmansanders.com
　　　　　　　　　　　　　　　　　　　　　*Co-counsel for Rushmore Loan Management Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2017, a copy of the foregoing was filed via the CM/ECF system for the Middle District of Florida, which sent notice of such filing to the following:

**Counsel for Plaintiff**
Janet R. Varnell
Brian W. Warwick
VARNELL AND WARWICK
P.O. Box 1870
Lady Lake, FL 32158
Tele: (352) 753-8600
Fax: (352) 504-3301
Email: jvarnell@varnellandwarwick.com
Email: bwarwick@varnellandwarwick.com
Email: ssimmons@varnellandwarwick.com

Max Story
Max Story, P.A.
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Tele: (904) 372-4109
Fax: (904) 758-5333
Email: max@maxstorylaw.com

*/s/ Amy L. Drushal*
Attorney