**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RANDOLPH AND TABETHA
SELLERS, individually and on behalf of a
class of persons similarly situated,

    Plaintiffs,                                  Case No.: 3:15-cv-1106-TJC-PDB

vs.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendant.
_____

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW

Randolph and Tabatha Sellers ("Plaintiffs") on behalf of themselves and all others similarly situated, by and through undersigned counsel, file this Opposition to Defendant's Motion for Reconsideration.  The Eleventh Circuit's recent decision in *Helman v. Bank of America, N.A.*, ___ F. App'x ____, No. 15-13672, 2017 WL 1350728 (11th Cir. Apr. 12, 2017) does not provide a basis for this Court to reconsider its ruling denying defendant's Motion for Summary Judgment.  In fact, it actually highlights why the communications sent to Mr. and Mrs. Sellers are deceptive and misleading and must be presented to the fact finder.  The communications at issue here lack the kind of clear disclaimer language that the Eleventh Circuit found to be determinative in *Helman*.  Equally important, there is nothing in the record in *Helman* indicating that any communication was sent after foreclosure, as opposed to the ten (10) post-foreclosure letters sent to Mr. and Mrs. Sellers and the putative class.

## I. LEGAL STANDARD

A motion for reconsideration is an "extraordinary remedy," that should be employed sparingly. *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072 (M.D.Fla.1993). Not only that, but the burden is on the moving party to demonstrate "extraordinary circumstances:"

> The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D.Fla.1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D.Fla.1993) (citations omitted). The court's reconsideration of a previous order is an **extraordinary remedy,** to be employed sparingly. *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072 (M.D.Fla.1993)(emphasis added). The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration. *Id*. at 1073.

*Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-CV-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009). Defendant has not demonstrated any such extraordinary circumstances here, especially where *Helman*, on its face, is limited to the specific facts of that case:

> We recognize that both monthly statements contain terms that courts, including this one, have previously suggested might—in other circumstances—indicate an attempt to collect personally against a debtor. See, e.g., *Caceres [v. McCalla Raymer, LLC]*, 755 F.3d 1299, 1303 n.2. But **in the circumstances of this case** the express language of the home mortgage monthly statement could not be clearer . . .

*Helman*, 2017 WL 1350728 at *4 (emphasis added).

## II. ARGUMENT

Rushmore's contention that the disclaimer language at issue here is "just like the language in *Helman*" is belied by its own comparison of the two. Other than Defendant's make-weight contention that the "the message is identical," there is nothing identical about the two disclaimers. The disclaimer in *Helman* clearly and affirmatively tells the borrower that the bank's records show that she <u>has</u> received a discharge of this particular debt in bankruptcy, leaving no doubt that the disclaimer language applied to Ms. Helman and the mortgage loan at issue:

> Our records indicate that in the past **you** received a discharge of **this debt** in a bankruptcy case.

*Helman*, 2017 WL 1350728 at *4 (emphasis added). There is no similar affirmative statement in Rushmore's disclaimer.

Similarly, the disclaimer in *Helman* affirmatively states that the borrower has no personal obligation to repay the debt because of the discharge:

> Section 524 of the Bankruptcy Code tells us the discharge of this debt means you have no personal obligation to repay it.

*Id.* Rushmore's disclaimer in Mortgage Statement II here has no affirmative statement that Mr. and Mrs. Sellers had no personal obligation to repay the debt. Instead, as to both of these critical points, Defendant's disclaimer merely speaks in conditional language – "**if**" you received a bankruptcy discharge, then you **may not** be personally liable for the debt. The conditional "if," is reiterated twice in Defendant's Mortgage Statement II disclaimer and leaves it for the least sophisticated consumers to puzzle out whether or not this legalese applies to them, rather than affirmatively apprising them that because they have received a discharge, they are not personally

liable for the debt and cannot be pressured to pay. This is the polar opposite of the kind of unambiguous language found in *Helman*.

The disclaimer language in Mortgage Statement I is similarly conditional. That disclaimer merely states that "anyone" who has received a bankruptcy discharge is receiving the communication for informational purposes only. It does not affirmatively inform Mr. and Mrs. Sellers that because <u>they</u> received a bankruptcy discharge, <u>they</u> are receiving this monthly statement for information purposes only. This is a critical distinction, and affirms that this Court was correct in denying summary judgment. A jury must examine both Mortgage Statement I and II and decide if they are misleading or not in light of the conditional language used by Rushmore.

The disclaimer language in *Helman* is also much more explicit about the effect of the bankruptcy discharge and the consumer not being "pressured" into making payments:

> The discharge also protects you from any efforts by anyone to collect this discharged debt as a personal liability of the debtor. **You cannot be pressured to repay this debt**.

*Helman*, 2017 WL 1350728 at *4 (emphasis added). There is no such language in Rushmore's Mortgage Statement I or II. It is quite telling that Rushmore highlights most of the *Helman* disclaimer, and yet leaves this critical sentence without analysis. The reason for this is obvious – there is no such language explaining that in such a clear and unambiguous manner that the consumer does not owe the debt and that the mortgage statement is not intended to seek payment on the debt. This language was critical to the Eleventh Circuit's analysis. In fact, it is one of the three reasons cited for why the disclaimer language was found not to be misleading on an objective basis:

> Upon receiving either of the mortgage statements, Plaintiffs would have been informed that they "(1) [have] no personal obligation to repay the debt; (2) [are] not personally liable for the debt; and (3) **cannot be pressured to repay the debt**."

4

*Helman*, 2017 WL 1350728, at *4 (emphasis added).

In short, Rushmore's disclaimers fail to clearly inform Mr. and Mrs. Sellers or any putative class member any of the three things that the plaintiff in *Helman* was apprised of. The Rushmore disclaimers do <u>not</u> clearly inform Mr. and Mrs. Sellers that they have no personal obligation to repay the debt, but rather state in conditional terms that they "may not" have a personal obligation to repay the debt <u>if</u> they received a bankruptcy discharge. Second, the Rushmore disclaimers do <u>not</u> clearly inform Mr. and Mrs. Sellers that they are not personally liable to repay the debt, but again leave it for these unsophisticated consumers to figure out for themselves. Third, the Rushmore disclaimers are completely silent regarding protection from collection efforts, or being pressured into paying this debt. *Helman* makes plain that this Court's denial of summary judgment was correct, and not a manifest error of law. A genuine issue of material fact exists for the jury to decide.

Perhaps even more importantly, Defendant completely ignores the tremendous distinction between the timing of communications sent in *Helman*, and the timing of the communications sent in this case. In *Helman*, the plaintiff received mortgage statements after the bankruptcy discharge, but there is no indication that any mortgage statements were sent post-foreclosure. Here, Rushmore sent ten mortgage statements to the Plaintiffs after foreclosure. These ten mortgage statements included three in the form of Mortgage Statements I, and seven in the form of Mortgage Statements II. The timing of these monthly statements is part of the "totality of information that a plaintiff acquires from sources outside of the four corners of the mortgage statement," which the Eleventh Circuit in *Helman* stated that the court must consider in making its objective analysis of the potentially misleading and/or deceptive nature of the disclaimers. As this Court rightly notes in its decision denying summary judgment,

> Plaintiffs received all seven copies of Mortgage Statement II after the final judgment of foreclosure had been entered and the property had been sold at a foreclosure sale. At that point, Plaintiffs had neither an in personam nor an in rem interest in the property, yet Rushmore continued sending monthly mortgage statements to them. At oral argument, Rushmore could not convincingly argue that it had any good reason to send Plaintiffs monthly statements following the foreclosure sale. Under these circumstances, the Court cannot find as a matter of law that Mortgage Statement II does not constitute an attempt to collect a debt.

Court's Order of May 3, 2017, Document 55 at Page 20.

Where the disclaimer language is on its face much weaker than that found in *Helman*, and with the added factual distinction of post-foreclosure communication, *Helman* provides no basis for granting Defendant's motion for reconsideration. If anything, *Helman* should be interpreted as setting a high bar and any disclaimers which are not at least as clear should be denied summary judgment and a jury must decide whether the monthly statements could deceive the least sophisticated consumer. To this end, *Helman* actually supports this Court's analysis on summary judgment and the motion should be denied.

Dated: May 30, 2016         **VARNELL & WARWICK, P.A.**

                                                  By:    /s/ Janet R. Varnell
                                                           JANET R. VARNELL, FBN: 0071072
                                                           BRIAN W. WARWICK, FBN: 0605573
                                                           P.O. Box 1870
                                                           Lady Lake, FL 32158
                                                           Telephone: (352) 753-8600
                                                           Facsimile: (352) 504-3301
                                                           *jvarnell@varnellandwarwick.com*
                                                           *bwarwick@varnellandwarwick.com*
                                                           *kstroly@varnellandwarwick.com*

                                                           **MAX STORY, P.A.**
                                                           Max Story, FBN: 527238
                                                           328 2nd Avenue North, Suite 100
                                                           Jacksonville Beach, FL 32250
                                                           Telephone: (904) 372-4109
                                                           Facsimile: (904) 758-5333
                                                           *max@maxstorylaw.com*
                                                           ***Attorneys for Plaintiff***

CERTIFICATE OF SERVICE

I hereby certify that on <u>May 30, 2017</u>, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

JUSTIN WONG
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E.
Suite 5200
Atlanta, GA  30308
Telephone:  (404) 885-3974
Facsimile:  (404) 885-3900
justin.wong@troutmansanders.com

JOHN C. LYNCH
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

AMY L. DRUSHAL
TRENAM, KEMKER, SHCARF, BARKIN
 FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
adrushal@trenam.com


Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT SERVICES, LLC

/s/ Janet R. Varnell
Janet R. Varnell