**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RANDOLPH SELLERS, individually
and on behalf of a class of persons
similarly situated and TABETHA
SELLERS, individually and on behalf
of a class of persons similarly situated,

      Plaintiffs,

v.                            Case No. 3:15-cv-1106-J-32PDB

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

      Defendant.

_____

# O R D E R

      This consumer credit putative class action is before the Court on: (1) Defendant

Rushmore Loan Management Services, LLC's Motion for Reconsideration of Ruling on

Summary Judgment (Doc. 56), to which Plaintiffs Randolph and Tabetha Sellers have

responded (Doc. 57); and (2) Plaintiffs' Renewed Motion for Class Certification (Doc.

58), to which Rushmore has responded. (Doc. 61).

## I.    BACKGROUND[1]

      Plaintiffs filed this lawsuit on September 11, 2015 (Doc. 1), raising claims under

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Florida

---

    [1] Because the Court previously discussed the facts and procedural history of
this case in its Order on Summary Judgment (Doc. 55 at 2-7), the Court will
incorporate that more detailed discussion into this Order and present only limited

Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"), and the Declaratory Judgment Act, 28 U.S.C. § 2201, based on their receipt of numerous communications from Rushmore. On March 30, 2017, the Court held a hearing on Rushmore's motion for summary judgment. (Docs. 33, 59). The Court granted Rushmore's motion as to Count III, which involved Plaintiffs' receipt of one Request for Taxpayer Identification Number, but otherwise denied the motion. (Doc. 55). Therefore, Plaintiffs' claims that Rushmore violated the FDCPA and the FCCPA by sending them several mortgage statements in an attempt to collect a debt previously discharged in bankruptcy remain.

On May 16, 2017, Rushmore filed a motion for reconsideration, asking that the Court review its denial of summary judgment as to Counts I, II, and IV in light of recent Eleventh Circuit authority. (Doc. 56). Plaintiffs filed a response in opposition. (Doc. 57).

On June 1, 2017, Plaintiffs renewed their motion for class certification, requesting that the Court certify the following class:

> All Florida consumers who (1) have or had a residential mortgage loan serviced by Rushmore Loan Management Services, LLC, which Rushmore obtained when the loan was in default; (2) received a Chapter 7 discharge of their personal liability on the mortgage debt; and (3) were sent a mortgage statement dated September 11, 2013 or later, in substantially the same form as Mortgage Statement I and/or Mortgage Statement II, and was mailed to the debtor's home address[2] in connection with the discharged mortgage debt.

---

relevant background here.

[2] Plaintiffs state that "[t]he 'home address' limitation in this class definition is

2

(Doc. 58 at 6). Rushmore opposes Plaintiffs' motion for class certification on all possible grounds, including that the proposed class is not ascertainable; Plaintiffs fail to meet any of the requirements of Rule 23(a), Fed. R. Civ. P.; and they fail to satisfy the predominance and superiority requirements of Rule 23(b), Fed. R. Civ. P. (Doc. 61).

## II.     RUSHMORE'S MOTION FOR RECONSIDERATION

Rushmore requests that the Court reconsider its Order denying summary judgment on Plaintiffs' FDCPA and FCCPA claims as to Mortgage Statements I and II (Doc. 55) in light of a recent Eleventh Circuit decision in <u>Helman v. Bank of America</u>, No. 15-13672, 2017 WL 1350728 (11th Cir. Apr. 12, 2017) (unpublished).

The Court has reviewed <u>Helman</u> and finds that the disclaimer language in this case is distinguishable from <u>Helman</u>, such that a jury should determine whether Mortgage Statements I and II violate the FDCPA and FCCPA. <u>See</u> <u>Lilly v. Bayview Loan Servicing, LLC</u>, No. 217CV345FTM99MRM, 2017 WL 4410040, at *4 (M.D. Fla. Oct. 4, 2017) ("The language in <u>Helman</u> expressly stated that the debtor had no personal obligation to repay the debt and no one could force her to do so. No language even remotely resembling the same was used in this case. Therefore, the Court declines to follow the result reached in <u>Helman</u>."). Moreover, Plaintiffs received ten of their mortgage statements after foreclosure on their home—a fact apparently not at issue in <u>Helman</u>—further distinguishing the two cases. Therefore, Rushmore's motion for reconsideration is due to be denied.

---

designed to exclude from the class any statements that may have been sent to debtor's counsel instead of directly to the debtor." (Doc. 58 at 6 n.6).

### III. PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

#### A. Rule 23 Class Certification Standard

"Questions concerning class certification are left to the sound discretion of the district court." Cooper v. S. Co., 390 F.3d 695, 711 (11th Cir. 2004) (citing Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1386 (11th Cir. 1998)). A class action "may only be certified if the trial court is satisfied, after rigorous analysis, that the prerequisites of Rule 23 are satisfied." Gen. Tel. Co. of SW v. Falcon, 457 U.S. 147, 161 (1982); see also Vega v. T–Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir. 2009). "This analysis does not permit courts to be 'generous or forgiving' of failures of proof or to engage in speculation as to [Federal Rule of Civil Procedure] 23's requirements." Mills v. Foremost Ins. Co., 269 F.R.D. 663, 669 (M.D. Fla. 2010) (citing Vega, 564 F.3d at 1269). "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in [Rule] 23(a), as well as at least one of the requirements set forth in Rule 23(b)."[3] Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004).

As a threshold matter, Plaintiffs must demonstrate that the proposed class is "adequately defined and clearly ascertainable." Little v. T–Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012). If the class is ascertainable, Plaintiffs must then satisfy Rule 23(a) by demonstrating: (1) the class is so numerous that joinder of all member is impracticable; (2) there are questions of law or fact common to the class; (3) the

---

[3] Rushmore does not challenge Plaintiffs' standing, so the Court will not address it. (Doc. 61).

claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Once all of Rule 23(a)'s requirements have been met, Plaintiffs must also meet at least one of the class types under Rule 23(b). Plaintiffs bear the burden of showing that the proposed class meets every requirement of Rule 23(a) and at least one of the Rule 23(b) acceptable class types. <u>Valley Drug Co. v. Geneva Pharms., Inc.</u>, 350 F.3d 1181, 1187 (11th Cir. 2003). Here, Plaintiffs seek certification under Rule 23(b)(3), which requires the Court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**B.   Analysis**

While Rushmore challenges class certification on several grounds, the Court limits its analysis to predominance, as failure to satisfy Rule 23(b) is dispositive. <u>See McCamis v. Servis One, Inc.</u>, No. 8:16-CV-1130-T-30AEP, 2017 WL 589251, at *5-6 (M.D. Fla. Feb. 14, 2017); <u>Riffle v. Convergent Outsourcing, Inc.</u>, 311 F.R.D. 677, 681-85 (M.D. Fla. 2015).

In a properly certified Rule 23(b)(3) class, "'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" <u>Jackson v. Motel 6 Multipurpose, Inc.</u>, 130 F.3d 999, 1005 (11th Cir. 1997) (quoting <u>Kerr v. City of West Palm Beach</u>, 875 F.2d 1546, 1557-58 (11th Cir. 1989)). "The predominance

requirement is far more demanding than Rule 23(a)'s commonality requirement." McCamis, 2017 WL 589251, at *5 (internal quotation marks and citation omitted). "Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1357 (11th Cir. 2009). "Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of . . . [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'" Cooper, 390 F.3d at 722, overruled on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454 (2006).

Certification is inappropriate in the event that "plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims." Klay, 382 F.3d at 1254, abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008) (citations omitted). The predominance inquiry requires an examination of "the claims, defenses, relevant facts, and applicable substantive law, . . . to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." Id. (internal quotations and citation omitted).

In this putative class action, Plaintiffs bring claims against Rushmore for violations of the FDCPA and the FCCPA. Plaintiffs argue that common issues predominate over individual questions and identify three common issues which they argue will turn on common evidence:

(1) Whether the account statements were an attempt to collect a debt;

(2) Whether, given the relationship of the parties, Defendant's communications violated the FDCPA; and

(3) Whether, given the relationship of the parties, Defendant's communications violated the FCCPA.

(Doc. 58 at 9, 18-19). Plaintiffs identify only one defense available to Rushmore: that Mortgage Statements I and II were not attempts to collect debts but were merely for informational purposes. (Id. at 19). They state that Rushmore "does not point to any individual facts or circumstances," and therefore, "Rushmore will be able to make this common argument to the jury on behalf of the statements sent to all class members post-discharge." (Id. at 19-20).

By contrast, Rushmore argues that individualized inquiries overwhelm the common questions. Specifically, Rushmore posits that any of the following individual issues predominate: (1) whether the statements were sent in connection with the collection of a debt requires an individualized review of the Bankruptcy Code's application to the borrower; (2) whether the statements are deceptive or confusing according to the least sophisticated consumer standard requires an individualized analysis premised upon the particular circumstances of the particular borrower; and (3) whether the oral statements made by one or more Rushmore representatives related to a deed in lieu proposal constitute debt collection activity and are false or misleading will involve highly individualized proof. (Doc. 61 at 20-21).

The Court agrees with Rushmore. Throughout the litigation, Plaintiffs have proposed numerous different class definitions. With the first three iterations,

Plaintiffs narrowed the class definition as the pertinent issues crystallized. See Doc. 55 at 28-29 (discussing Plaintiffs' evolving class definitions). However, in the proposed class definition currently before the Court (their fourth), Plaintiffs revert to a definition (similar to the second), which does not take into account the Sellers' unique circumstances.[4]

Plaintiffs' current proposed class definition ignores that, in analyzing the viability of their claims on summary judgment, the Court had to examine whether the property was Plaintiffs' principal residence at the time they received the challenged communications and whether making periodic payments in lieu of foreclosure was an option available to them. (Id. at 25-26). These inquiries were relevant to both of the main issues before the Court: whether Mortgage Statements I and II would be misleading to the least sophisticated consumer and whether the § 524(j) exception to the Bankruptcy Code discharge injunction applied. Because Plaintiffs vacated the property long before Rushmore sent the Mortgage Statements and were never offered options that would allow them to make periodic payments to avoid foreclosure and remain in the home, the Court found that the exception to the discharge injunction did not apply, rendering analysis of whether the Bankruptcy Code preempted or precluded the FCCPA or the FDCPA unnecessary. (Id. at 27). However, if the Court certified Plaintiffs' proposed class, such individualized inquiries would be required for every

_____

[4] Plaintiffs' third definition, proposed spontaneously during oral argument on summary judgment, began to address the Sellers' individual circumstances by including language related to failure to "reaffirm their home [in bankruptcy proceedings]." (Doc. 55 at 29). The current definition before the Court omits such language.

class member to determine whether the § 524(j) exception applied, and if so, whether the Bankruptcy Code precluded and/or preempted the FDCPA and FCCPA.[5] Such a course of action—which Plaintiffs' proposed class definition mandates—is the type of extensive individualized factual inquiry that is too burdensome to allow class certification.

Accordingly, it is hereby

**ORDERED:**

---

[5] Plaintiffs rely on <u>Prindle v. Carrington Mortg. Servs., LLC</u>, No. 3:13-CV-1349-J-34PDB, 2016 WL 4466838 (M.D. Fla. Aug. 24, 2016) in arguing that their proposed class would not require individualized inquiry. There, the defendant argued (as Rushmore does) that a fact finder would need to consider several individualized factors, such as whether the debtor surrendered the property during bankruptcy, was provided and rejected a reaffirmation agreement, continued to reside in the property, among several others. <u>Id.</u> at *4. The <u>Prindle</u> court rejected these arguments on the grounds that the defendant "failed to explain why those factors are relevant," noting that "the Court does not see them as particularly relevant." <u>Id.</u>

While they may not have been relevant under the facts of <u>Prindle</u>, such questions are highly relevant here because they were critical to the Court's decision to allow Plaintiffs' claims to survive summary judgment and would be similarly crucial to the resolution of individual class members' claims. Had the answers to those questions differed in this case, it would have potentially altered the Court's analysis of whether: (1) Mortgage Statements I and II were misleading under the circumstances in which they were received; and (2) the § 524(j) exception to the Bankruptcy Code's discharge injunction applied.

Even the common questions Plaintiffs propose acknowledge this dilemma, for the questions include the language "given the relationship between the parties." While this language appeared in the plaintiff's common questions in <u>Prindle</u>, the <u>Prindle</u> court did not have to consider the same threshold questions regarding whether the § 524(j) exception applied, as this Court did on summary judgment. <u>Compare</u> <u>Prindle</u>, 2016 WL 4466838, at * 3, <u>with</u> Doc. 55. Unlike here, the <u>Prindle</u> court reached the preemption/preclusion issue at the summary judgment stage, and therefore would not have had to do so for each of its proposed class members.

1.    Defendant Rushmore Loan Management Services, LLC's Motion for Reconsideration of Ruling on Summary Judgment (Doc. 56) is **DENIED**.

2.    Plaintiffs' Renewed Motion for Class Certification (Doc. 58) is **DENIED**. The putative class claims are **DISMISSED with prejudice**.

3.    By **January 12, 2018**, the parties shall file a joint case management report, and the Court will enter a case management scheduling order for the remainder of the case.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj

Case Management Report Form (attached)

Copies:

Counsel of record

Plaintiff(s),

v.                                                              Case No.

Defendant(s).
_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | |
| **Motions to Add Parties or to Amend Pleadings** | |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive and <u>Daubert</u> Motions**<br>[Court requires 4 months or more before trial term begins] | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must** **not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | (month, year) |
| **Estimated Length of Trial** [trial days] | |
| **Jury / Non-Jury** | |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br><br>Telephone:<br><br>[Mediation is mandatory in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and all counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes_____    No_____ |

## I.    Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _____ (date) at _____ (time) and was attended by:

| Name | Counsel for (if applicable) |
|------|------------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

## II.    Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [__] request [__] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

_____

_____

_____

## III.    Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

The parties (check one) [__] have exchanged [__] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by _____ (date).

## IV.    Agreed Discovery Plan for Plaintiffs and Defendants

### A.    Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal.  Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of

Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.    All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   <u>Any party who has not already filed and served the required certificate is required to do so **immediately**</u>.  Each party has a continuing obligation to file and serve an amended  Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

### B.    Discovery Plan/Deadline

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  Parties should exchange discovery in the most efficient way, which usually means electronically.  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in

Local Rule 3.01(g).  The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in unilateral noticing that a motion will be filed.  In addition to agreeing to comply with the above, the parties agree as follows:

_____

_____

### C.     Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential."  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows: _____

_____

**D.    Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

_____

_____

**V.    Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.    Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

_____

_____

_____

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____

_____

_____

_____

# CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's interested persons order:

1.)     the name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

[insert list]

2.)     the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

[insert list]

3.)     the name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

[insert list]

4.)     the name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

[insert list]

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

[Date]

_____
[Counsel of Record or *Pro Se* Party]
[Address and Telephone]

[Certificate of Service]