UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDOLPH AND TABETHA
SELLERS, individually and on behalf of a
class of persons similarly situated,

    Plaintiffs,

vs.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendant.

_____

Case No.: 3:15-cv-1106-TJC-PDB

**PLAINTIFFS' MOTION FOR RECONSIDERATION ON DENIAL OF CLASS CERTIFICATION BASED UPON APPLICABILITY OF <u>BANKRUPTCY CODE SECTION 524 j</u>**

Plaintiffs Randolph and Tabetha Sellers ("Plaintiffs"), by counsel, hereby file their Motion for Reconsideration of the Court's December 12, 2017 Order (DE 62), denying Plaintiffs' Renewed Motion for Class Certification (DE 58).

## INTRODUCTION

By Order dated December 12, 2017, this Court denied Plaintiff's Renewed Motion for Class Certification (DE 58), because the Court deemed that the individual issues surrounding the applicability of Bankruptcy Code Section 524j predominated over individual issues. Plaintiffs respectfully request that this Court reconsider this position because the Mortgage Statements at issue 1) do not comply with the requirements of section 524j, and 2) the mortgage debts were not reaffirmed. As a consequence, such communications violate established Eleventh Circuit precedent. It would be clear error and constitute a manifest injustice to deny class certification based upon an inapplicable provision of the Bankruptcy Code.

## I.   STANDARD FOR RECONSIDERATION

A Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims of parties and may be revised at any time before the entry of a judgment adjudicating all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under Rule 54(b), a district court has the power to reconsider judgments, including summary judgments, prior to the final judgment where reconsideration is warranted. *See Fleet Global Services, Inc. v. Republic Western Ins. Co.*, No. 6:04-cv-954, 2007 WL 1201295, at *2 (MD. Fla. Apr. 23, 2007) (granting the Motion for Reconsideration of a ruling denying summary judgment). "[C]ourts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Plaintiffs contend that it is a clear error of law to deny class certification based on the potential application of Bankruptcy Code Section 524j, because it cannot apply to the common mortgage statements at issue. There is thus a need to "correct clear error or manifest injustice," and this Court should reconsider its ruling denying class certification.

## II.   LEGAL ARGUMENT

[I]n denying class certification, this Court determined that the potential application of Section 524j created predominating individual issues, as follows:

> [I]f the Court certified Plaintiffs' proposed class, such individualized inquiries would be required for every class member to determine whether the § 524(j) exception applied, and if so,

2

>whether the Bankruptcy Code precluded and/or preempted the FDCPA and FCCPA. Such a course of action—which Plaintiffs' proposed class definition mandates—is the type of extensive individualized factual inquiry that is too burdensome to allow class certification.

(DE 62 p. 8-9).

There are two important reasons why § 524j is wholly inapplicable for every single member of the class, and therefore, cannot be a basis for denying certification.  First, for Section 524(j) to even be considered, the communication at issue must not only seek payment, but it must seek payment *in lieu of* taking action on foreclosure.  In other words, the communication itself must clearly state that the payment being sought is in exchange for not taking further action in foreclosure.  Second, and more importantly, making payments in in order to retain possession of the property must be lawfully allowed in the first place in order for a conflict to arise between the bankruptcy code and the FCCPA.  Because <u>none</u> of the Mortgage Statements at issue offer to forego foreclosure proceedings, all of the Mortgage Statements fail to comply with Section 524(j) <u>on their face</u>, and the Eleventh Circuit does not permit debtors to remain in possession of real property by simply making additional payments.  There is no need for any individualized inquiry of the type that prompted the Court to deny class certification – the Mortgage Statements are uniform, none of the Mortgage Statements comply with Section 524(j), and the predominating issues are therefore susceptible to class adjudication.  As more fully set forth below, these two distinctions preclude any individual inquiry, and remove the bar to certification.

### A. Bankruptcy Code Section 524(j) Does Not Permit the Mortgage Statements at Issue

To determine whether an alleged conflict exists between Plaintiff's FCCPA claim and Section 524(j), this Court must first determine whether the *exception* to the general injunction against seeking to collect from a debtor in bankruptcy even applies.  Section 524 initially

operates as a complete bar to any attempt to collect on the discharged debt. Section j of 524 is an exception to this general prohibition created by the entry of the discharge order. The relevant portion of section 524 states:

> 11 USC § 524 – Effect of Discharge
>
> (a) A discharge in a case under this title—
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> . . .
>
> (j) Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if—
>
> (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
>
> (2) such act is in the ordinary course of business between the creditor and the debtor; and
>
> (3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest **in lieu of pursuit of in rem relief to enforce the lien**.

Thus, section 524 first prohibits creditors from taking any action to collect, recover or offset any discharged debt. However, section 524(j) provides a very limited exception to the prohibition, *IF* the correspondence seeks payment *in exchange for* or *in lieu of* the bank not foreclosing on the property. It makes sense that if the parties wish to work out such an arrangement, they should be free to do so, as it would benefit both the debtor and the lien holder. However, it does not allow dunning letters seeking to collect payments that do not offer to waive foreclosure or other *in rem* remedies that may be available. Because the Mortgage Statements at issue include no language offering to forego foreclosure if payment is made, they do not fall

within the definition of an acceptable Section 524(j) communication <u>on their face</u>, and this exception to the rule is wholly inapplicable.

Numerous courts have recognized that the section 524(j) exception only applies to communications offering to forego foreclosure. "Despite the discharge injunction, under 11 U.S.C. § 524(j), a mortgagee with a lien on a debtor's principal residence is permitted to send statements to a debtor in the ordinary course of business, *instead of seeking in rem relief*, permitting the debtor to pay the secured debt and keep the property." *In re Gill*, 529 B.R. 31, 38 (Bkrtcy.W.D.N.Y., 2015); *Bell*, 2014 WL 6913509, at *3, 2014 Bankr. LEXIS 4717, at *14; *Whitaker*, 2013 WL 2467932, at *8, 2013 Bankr.LEXIS 2328, at *23; see also *In re Manning*, 505 B.R. 383, 387 (Bankr.D.N.H.2014) (holding that a lender's requests that debtor become current and sign a reaffirmation agreement fall within the safe harbor under 11 U.S.C. § 524(j)).

In *Bibolotti v. American Home Mortgage Servicing, Inc.*, No. 4:11–CV–472, 2013 WL 2147949, 2013 U.S. Dist. LEXIS 69242 (E.D.Tex. May 15, 2013), the court explained that the basis for the exception lies in the exchange of payments for foregoing legal rights to foreclosure:

> [T]he exception in ... § 524(j) makes sense [because it] would allow a secured creditor to remain in contact with a debtor who was living in the real property as his principal residence, send communications in the regular course of business, and explore the possibility of the debtor retaining his principal residence—i.e., collecting payments in lieu of foreclosure. However, for the debtor who no longer uses the real property as his principal residence ... there is no need for the secured creditor to continue communicating with the debtor regarding retaining the property or negotiating some type of modification in the ordinary course of business between the creditor and debtor.

*Bibolotti v. Am. Home Mort. Servicing, Inc.*, No. 4:11–CV–472, 2013 WL 2147949, at *8, 2013 U.S. Dist. LEXIS 69242, *26–27 (E.D.Tex. May 15, 2013). *In re Nordlund*, 494 B.R. at 521

(determining debtor's principal residence as of the time the creditor's written communications were sent).

The Mortgage Statements at issue are the same monthly statements that Rushmore sends to all debtors. They contain none of the required language indicating that a payment by the debtor will stop or forego foreclosure. Accordingly, the monthly statements at issue do not fall within the definition of communications permitted under the very limited exception to the general prohibition set forth in section 524. For this reason, there is no individual inquiry that has to be made for each class member because <u>none</u> of the Mortgage Statements include the required language. As a result, such individual inquiries cannot be a basis for denying class certification. It would be manifestly unjust to deny certification to a class of persons that received a discharge of their mortgage debt and later received Mortgage Statements seeking to collect those discharged debts if section 524(j) is wholly inapplicable. This Court should reconsider its denial of class certification on this basis because the Mortgage Statements at issue do not comply facially with the requirements of section 524(j).

### B. SECTION 524(j) DOES NOT APPLY IN THE ELEVENTH CIRCUIT IN CHAPTER 7 CASES WITHOUT A REAFFIRMATION OF THE UNDERLYING DEBT.

Even if the statements at issue did offer to accept payment in lieu of foreclosure (which they do not), the Eleventh Circuit has determined that Chapter 7 debtors *may not* make payments in lieu of foreclosure and remain in possession of the property, without reaffirming the underlying debt. *Taylor v. AGE Federal Credit Union* (In re Taylor), 3 F.3d 1512, 1517 (11th Cir.1993). In other words, because the Plaintiffs did not reaffirm their mortgage debt, there is no legal basis for sending any correspondence pursuant to Section 524(j) within this Circuit, even if those Mortgage Statements offered to accept payment in lieu of foreclosure (which they do not).

Whether a Chapter 7 debtor can retain possession of real property securing a mortgage loan by simply making payments and not reaffirming the debt, the so-called ability to "ride-through," has been prohibited by the Eleventh Circuit. Prior to the 2005 amendments which added section 524(j), a split existed among the circuit courts of appeals as to whether "ride-through" was allowed when the underlying debt was no reaffirmed. The majority of circuits, held that debtors could retain secured collateral without reaffirming the debt, which was known as exercising the "ride-through option." *In re Price*, 370 F.3d 362, 379 (3d Cir.2004); *McClellan Federal Credit Union v. Parker*, 139 F.3d 668, 673 (9th Cir.1998); *Capital Communications Federal Credit Union v. Boodrow*, 126 F.3d 43, 51 (2d Cir.1997); *Home Owners Funding Corp. v. Belanger*, 962 F.2d 345 (4th Cir.1992); *Lowry Federal Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir.1989).

However, other circuits, including the Eleventh Circuit, rejected the "ride-through" option and held that the "plain language" of Bankruptcy Code Section 521(2) "does not permit a Chapter 7 debtor to retain the collateral property without reaffirming the debt." *Taylor v. AGE Federal Credit Union* (In re Taylor), 3 F.3d 1512, 1517 (11th Cir.1993); *In re Edwards*, 901 F.2d 1383 (7th Cir.1990); In re Bell, 700 F.2d 1053, 1056–58 (6th Cir.1983).

In the case of *In re Linderman*, 435 B.R. 715, 718 (Bkrtcy.M.D.Fla.2009), the Court examined whether the 2005 Amendments to the Bankruptcy code (including section 524(j)) permitted debtors to "ride through," which allows the underlying debt to be discharged but the property to remain in the debtor's possession as long as the debtor continued to make payments. *Id*. Ultimately, the Court determined that the amendments, including section 524(j) did not alter the law and debtors in the Eleventh Circuit can only retain real property **if** they reaffirm the underlying debt, by holding:

> The Eleventh Circuit was clear under the still unchanged language of Section 521(a)(2)(A)—a debtor must act either to redeem or to reaffirm a debt if the debtor desires to retain the collateral. The appellate decision makes no distinction between real or personal property; nor is any distinction merited. The Eleventh Circuit looked at the plain language of the statute and interpreted the language to prohibit ride-through, regardless of the type of property involved. The modifications enacted by BAPCPA simply support the Eleventh Circuit's conclusion as to personal property. Nationally, debtors no longer can keep personal property without reaffirming the debt or redeeming the property. All debtors are treated similarly in every circuit.
>
> The Court acknowledges that a split apparently still exists as to real property collateral. Certain courts in jurisdictions that previously allowed the ride-through option have returned to pre-BAPCPA law to conclude that the option remains viable for real property. However, such is not the case in this circuit. **The Eleventh Circuit clearly has stated that a Chapter 7 debtor must either redeem or reaffirm a debt if the debtor wants to keep the collateral.** As to personal property, the ruling is national. As to real property, the decision in *Taylor* is still applicable and controlling, unless and until the Eleventh Circuit rules otherwise.

*In re Linderman*, 435 B.R. 715, 718 (Bkrtcy.M.D.Fla.2009).

Accordingly, in the Eleventh Circuit, debtors like the Sellers who have not reaffirmed their mortgage debt cannot remain in possession of the real property by merely making subsequent payments. *Id*. Thus, there is absolutely no reason for Rushmore to send monthly account statements pursuant to Section 542(j) within the Eleventh Circuit, unless the correspondence specifically (1) offers to forego foreclosure AND (2) requires the debtor to reaffirm the debt. Here, the Sellers and members of the class did NOT to reaffirm their mortgage debts, received a bankruptcy discharge for that mortgage debt, and the monthly Mortgage Statements that were sent thereafter fail to include or even discuss the conditions required in the Eleventh Circuit. Accordingly, section 524(j) does not apply to the Mortgage Statements at issue. Plaintiff's Motion for Class Certification should not have been denied based upon

8

potential application of § 524(j), because such payments are not allowed in the Eleventh Circuit absent reaffirmation of the mortgage debt.[1]

If this Court deems that section 524(j) may still apply to the Mortgage Statements at issue despite not offering payment in lieu of foreclosure as argued above, it can and should certify a class but limit the definition to include only discharged debtors that did not reaffirm their mortgage debts. Without such reaffirmation, section 524(j) cannot apply within the Eleventh Circuit. As a result, it does not act as a bar to class certification under Rule 23.

### III.   CONCLUSION

Once a debtor receives a discharge order, all creditors are forever barred from attempting to collect on the discharged debts. Section 524(j) is an exception to this prohibition and allows a creditor to seek payment but <u>only</u> if they do so "in lieu of" foreclosure. Because none of the Mortgage Statements at issue even mention that payments will be accepted in lieu of foreclosure, the Mortgage Statements fail to meet the requirements of 524(j). A cursory review of the Mortgage Statements themselves will tell the tale – either the Mortgage Statements contain the necessary "in lieu of" foreclosure language, or they don't. There is no "individualized" inquiry needed – it is a binary, "either-or" situation, and all class members whose Mortgage Statements do not contain the "in lieu of" foreclosure language share the exact same predominating legal issue.

Furthermore, the Eleventh Circuit does not allow such arrangements. If debtors want to keep their collateral (their house), then they must reaffirm the debt. Because this class action only applies to debtors who received the Mortgage Statements AFTER their mortgage debt was

---

[1] This distinction was the basis at the hearing for Plaintiffs assertion that, if the Court determined that section 524j applied despite the lack of language asserting that payments would be accepted in lieu of foreclosure, the class definition could be altered by the Court to only apply to mortgage debts that were discharged in bankruptcy.

discharged, there is no applicability of section 524(j). Accordingly, Plaintiffs respectfully request that this Court reconsider its denial of class certification based on the potential application of section 524(j) to the Mortgage Statements, because it would be clear error to find that section 524(j) could apply without the required "in lieu of" language, and without reaffirming the debt as required by Eleventh Circuit precedent.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned certifies that counsel for Plaintiffs has conferred with counsel for Defendant prior to filing this Motion. Counsel for Defendant opposes the relief requested in this Motion.

Dated:  December 20, 2017

**VARNELL & WARWICK, P.A.**

By:  /s/ Janet R. Varnell
JANET R. VARNELL, FBN:  0071072
BRIAN W. WARWICK, FBN:  0605573
P.O. Box 1870
Lady Lake, FL  32158
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN:  527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
*max@maxstorylaw.com*
***Attorneys for Plaintiff***

CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

JUSTIN WONG
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E.
Suite 5200
Atlanta, GA  30308
Telephone:  (404) 885-3974
Facsimile:  (404) 885-3900
*justin.wong@troutmansanders.com*

JOHN C. LYNCH
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

AMY L. DRUSHAL
TRENAM, KEMKER, SHCARF, BARKIN
 FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
adrushal@trenam.com


Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT SERVICES, LLC

                                      /s/ Janet R. Varnell
                                      Janet R. Varnell