IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————————

No. 18-11420

———————————————

D.C. Docket No. 3:15-cv-01106-TJC-PDB

RANDOLPH SELLERS and TABETHA SELLERS,
Individually and on behalf of a class of persons similarly situated,

Plaintiffs-Appellants,

versus

RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
For the Middle District of Florida

———————————————

**APPELLANTS' APPLICATION FOR ATTORNEYS' FEES, AND
MEMORANDUM OF LAW IN SUPPORT**

———————————————

JANET R. VARNELL; FBN: 0071072
BRIAN W. WARWICK; FBN: 0605573
VARNELL & WARWICK, P.A.
P.O. Box 1870
Lady Lake, FL  32158
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN:  527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
*max@maxstorylaw.com*

***ATTORNEYS FOR APPELLANTS***

## APPELLANTS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In compliance with Local Rule 26.1-1, the undersigned certifies:

1.      The following is a complete list of the trial judges, all attorneys, person, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publically held corporations that owns 10% or more of the party's stock and other identifiable legal entities related to a party:

Magistrate Judge Patricia D. Barksdale

Judge Timothy J. Corrigan

Amy L. Drushal, Esq.

Jon S. Hubbard, Esq.

John C. Lynch, Esq.

Rushmore Loan Management Services, LLC

Randolph Sellers

Tabetha Sellers

Max Story, Esq.

Max Story, P.A.

Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

Troutman Sanders LLP

i

Janet R. Varnell, Esq.

Varnell & Warwick, P.A.

Brian Warwick, Esq.

Justin Wong, Esq.

2.      The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

None.

3.      The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

Not applicable.

4.      Pursuant to 11th Cir. R. 26.1-3(b), Appellants certify that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Respectfully submitted this 3rd day of December, 2019.

**VARNELL & WARWICK, P.A.**

**BY: /S/ JANET R. VARNELL**
JANET R. VARNELL, FBN: 0071072
BRIAN W. WARWICK, FBN: 0605573
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN:  527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
*max@maxstorylaw.com*

Appellants, Randolph Sellers and Tabetha Sellers, pursuant to 11th Cir. R. 39-2, apply for an award of appellate attorneys' fees following the Court's October 29, 2019 decision reversing the District Court's order denying Appellants' Motion for Class Certification.

1.      Appellants brought this case against Appellee Rushmore Loan Management Services, LLC ("Appellee" or "Rushmore") based on Rushmore's unlawful practice of pursuing debt collection against debtors who already had their debts discharged in bankruptcy.

2.      Appellants brought class claims against Rushmore under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and Florida's Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

3.      On October 29, 2019, this Court vacated the District Court's order denying Appellants' Motion for Class Certification, and remanded for the District Court to reconsider "the question of whether the 'Bankruptcy Code precluded and/or preempted the FDCPA and FCCPA' raises a common, rather than an individualized legal issue." *Sellers v. Rushmore Loan Mgmt. Servs.*, 941 F.3d 1031 (11th Cir. 2019); Slip Op. at 24; *see also id.* at p. 18 ("The district court erred because the legal question of whether the Bankruptcy Code precludes or displaces any remedy available under the FDCPA and FCCPA for a claim that a creditor engaged in false

or deceptive conduct by trying to collect a debt in violation of a discharge injunction is common to all class members.").

4.     Both the FDCPA and the FCCPA provide for reasonable attorney's fees and costs incurred by the plaintiff.  *See*  15 U.S.C. §1692k(a)(3); Fla. Stat. §559.77(2); *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) ("The Fair Debt Collection Practices Act authorizes the award of the costs of the action and a 'reasonable attorney's fee as determined by the court, 15 U.S.C. §1692k(a)(3), in addition to damages to any successful plaintiff."); *Dish Network Service, L.L.C. v. Myers*, 87 So.3d 72 (Fl. 1st DCA 2012) (upholding in large part attorneys' lode star amount of approximately $88,000 on a recovery to plaintiff of $6,000).

5.     Appellants are the prevailing party in the instant action as a result of this Court's October 29, 2019 decision vacating and remanding the district court's order denying class certification.

6.     Appellants submit with this application pursuant to Rule 39-2(b) a summary of work performed on this appeal, supported by contemporaneous time records and an affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate requested.  *See* Exhibit A.   As stated in the foregoing, Appellants request attorney's fees totaling $48,600.00.

WHEREFORE, Appellants respectfully request the Court grant their application for attorney's fees of $48,600.00.

Respectfully submitted this 3rd day of December, 2019.

**VARNELL & WARWICK, P.A.**

BY: JANET R. VARNELL
JANET R. VARNELL; FBN: 0071072
BRIAN W. WARWICK; FBN: 0605573
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN: 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
*max@maxstorylaw.com*

***Attorneys for Appellants***

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 433 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportional-spaced typeface using Microsoft Word in 14 point Times New Roman.

DATED:  DECEMBER 3, 2019

**VARNELL & WARWICK, P.A.**

BY:  JANET R. VARNELL
JANET R. VARNELL; FBN:  0071072
BRIAN W. WARWICK; FBN:  0605573
P.O. Box 1870
Lady Lake, FL  32158
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN:  527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
*max@maxstorylaw.com*

***Attorneys for Appellants***

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of December, 2019, I caused the
foregoing to be filed with the Clerk of the Court, via the CM/ECF System, which
will send notice of such filing to all registered users.

DATED: DECEMBER 3, 2019             **VARNELL & WARWICK, P.A.**

BY: JANET R. VARNELL
JANET R. VARNELL; FBN: 0071072
BRIAN W. WARWICK; FBN: 0605573
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story, FBN: 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
*max@maxstorylaw.com*

***Attorneys for Appellants***

# Exhibit A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————————

No. 18-11420

———————————————

D.C. Docket No. 3:15-cv-01106-TJC-PDB

RANDOLPH SELLERS and TABETHA SELLERS,
Individually and on behalf of a class of persons similarly situated,

Plaintiffs-Appellants,

versus

RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
For the Middle District of Florida

———————————————

**DECLARATION OF BRIAN W. WARWICK IN SUPPORT OF
APPELLANTS' APPLICATION FOR ATTORNEYS' FEES**

I, Brian W. Warwick, declare as follows:

1.      I am a partner in the law firm of Varnell & Warwick, PA ("V&W"),

counsel of record for Plaintiff in this matter.  I respectfully submit this declaration

in support of Appellants' Application for Attorneys' Fees.

2.      V&W is a law firm headquartered in Florida that focuses on consumer

protection, environmental protection, civil rights and other areas of high-impact

public interest consumer litigation.  The attorneys of V&W have been appointed lead

or co-lead class counsel in more than 50 class action cases certified in both state and

federal courts across the nation including cases within this District.  They have

prosecuted a variety of multi-million-dollar disputes.  The defendants in these cases

have included governmental entities and international companies such as AT&T,

Asplundh, Bank of America, Capital One, Citibank, Discover Bank, General Electric

Capital Corp., HSBC, Home Depot, Ocwen, Progressive Insurance, State Farm

Insurance, and Sallie Mae.

3.      Since starting V&W in 2001, I have concentrated my practice on

consumer financial protection litigation.   Throughout my career, I have been

engaged in complex litigation and frequently litigate under Federal and state

consumer protection statutes.

4.      I received a B.A., in Finance from the College of St. Francis in Joliet,

Illinois in 1994.  In 1999, I received my J.D. from Cumberland School of Law and

my MBA from Samford University in Birmingham, Alabama.

5.      After graduation from law school, I served as Law Clerk to the

Honorable Champ Lyons, Jr. on the Alabama Supreme Court.

6.      I am currently admitted in  the following state and federal courts:

Supreme Court of the United States (2004); State of Florida (2002); State of

Alabama (1999-Alabama Bar license currently on inactive status); United States

District Court, Southern District of Florida (2011); United States District Court, Middle District of Florida (2005); United States District Court, Northern District of Florida (2011); United States District Court of Colorado (2007); Tenth Circuit Court of Appeals (2010); Eleventh Circuit Court of Appeals (2008); and, Federal Circuit Court of Appeals (2010).

7.     I have written the following publications related to class action litigation:  Class Action Settlement Collusion: Let's Not Sue Class Counsel Quite Yet, American Journal of Trial Advocacy, Vol. 22:3 (Spring 1999); Claim Jumpers Beware: Alabama Takes Another Look at Class Action Certification, American Journal of Trial Advocacy, Vol. 22:1 (Summer 1998).

8.     I have been a guest speaker on class action matters on several occasions for the National Consumer Law Center ("NCLC").

9.     Along with my partner, Janet Varnell, I received the "2018 Trial Lawyer of the Year Award" from the Public Justice Foundation in Washington D.C. This nationally recognized award was presented for our class action work protecting consumers in the payday loan industry in the matter of Inetianbor v. CashCall, in the United Stated District Court, Southern District of Florida.  The CashCall case involved payday lenders using tribal land to attempt to circumvent usury laws for internet loans.  Florida consumers were charged between 90% and 300% interest on these loans.  The complex issues involved in this matter included an arbitration

clause that required arbitration under tribal law, a choice of law provision that dictated tribal law and numerous competing class actions. The matter was appealed twice to the Eleventh Circuit and once to the Supreme Court of the United States. Ultimately, Florida consumers received millions of dollars in terminated loans and refunds.

10.    Ms. Varnell is the 2019 recipient of the Florida Bar's Consumer Protection Law Committee Consumer Protection Lawyer of the Year Award which recognizes excellence, character and commitment in the practice of consumer protection law.

11.    Varnell & Warwick has been named Class Counsel in the following cases:

- *Allen v. AT&T,* In the United States District Court, Eastern District of Oklahoma, CIV-00- 023-S;

- *Baez v. LTD Financial Services, L.P.,* In the United States District Court, Middle District of Florida, 6:15-cv-1043;

- *Bayhylle, et al. v. Jiffy Lube International*, In the District Court for Cherokee County, Oklahoma, CJ-2002-352;

- *Bennett v. Coggin Cars, LLC*, In the Circuit Court of Duval County, Florida, 2004-CA- 002883;

- *Briles v. Tiburon Financial, LLC, et al.,* In the United States District Court, District of Nebraska, 8:15-cv-00241

- *Brown v. Johnson Distributors, et al.,* In the General Court of Justice Superior Court Division, State of North Carolina, County of Mecklenburg, 16-CVS-3445;

- *Brotz v. Simm Associates, Inc.,* In the United States District Court, Middle District of Florida, 6:17-cv-01603;

- *Bryant v. World Imports U.S.A., Inc., d/b/a World Imports,* In the Circuit Court of Duval County, Florida, 2015-CA-005185;

- *Burrow, et al. v. Forjas-Taurus SA and Braztech International, L.C.*, In the United States District Court, Southern District of Florida, 1:16-cv-21606-EGT;

- *Covey v. American Safety Council, Inc. d/b/a Florida Online Traffic School*, In the Circuit Court of  Orange County, Florida, 10-CA-009781;

- *Ebreo v Vystar Credit Union,*  In the Circuit Court of Duval County, Florida, 2014-CA-000365;

- *Ferrari v. Autobahn, Inc., et al.,* In the United States District Court for the Northern District of California, 4:17-CV-00018-YGR;

- *Friedman v. Guthy-Renker,* In the United States District Court, Central District of California, 2:14-cv-06009.

- *Gagnon v. Kia Autosport of Pensacola, Inc., et al.,* In the Circuit Court of Escambia County, Florida, 2014-CA-000084;

- *Grant v. Ocwen Loan Servicing, LLC,* In the United States District Court, Middle District of Florida, 3:15-cv-01376-MMH-PDB;

- *Gjolaj v. Global Concepts Limited, Inc.,* United States District Court, Southern District of Florida, 1:12-cv-23064;

- *Law Offices of Henry E. Gare, P.A. v Healthport Technologies, LLC,* In the Circuit Court of Duval County, Florida, 2011-CA-010202;

- *Hardy v. N.S.S. Acquisition Corp.*, In the Circuit Court of Palm Beach County Florida, CL-99- 8628 AO;

- *Holt v. HHH Motors, Inc.,* In the Circuit Court of Duval County, Florida, 2012-CA-010179;

- *Inetianbor v. CashCall and John Paul Reddam*, United Stated District Court, Southern District of Florida, 13-60066 – CIV – COHN – Seltzer.

- *Ioime, et al., v. Blanchard, Merriam, Adel & Kirkland, P.A.,* In the United States District, Middle District of Florida, 5:15-cv-13-Oc-30PRL;

- *Jackson v. Worthington Ford of Alaska, Inc.,* In the Superior Court for the State of Alaska, Third Judicial District at Anchorage, 3AN-13-08258;

- *Kearney, et al., v. Direct Buy Associates, et al.,* In the Superior Court of the State of California for the County of Los Angeles, Central Civil West, BC539094;

- *Kilby, et al., v. Camaron at Woodcrest, LLC, et al.,* In the Circuit Court of Leon County Florida, 2013-CA-001300;

- *Koster, et al. v. Fidelity Assurance Associates, LLC, et al.,* In the Circuit Court of Lake County Florida, 2010-CA-003482;

- *Lankhorst v. Independent Savings Plan Company d/b/a ISPC,* In the United States District Court, Middle District of Florida, 3:11-cv-390-MMH-JRK;

- *McClure v. Avenue Motors, LTD*, In the Circuit Court of Duval County, Florida, 07-CA-009207;

- *Napoleon v. Worthington Imports of Alaska, Inc. d/b/a Mercedes Benz of Anchorage,* In the Superior Court for the State of Alaska, Third Judicial District at Anchorage, 3AN-14-09617 CI;

- *Newlin v. Florida Commerce Credit Union*, In the United States District Court, Northern District of Florida, 4:11-cv-00080-RH-WCS;

- *Neese, et al. v. Lithia Chrysler Jeep of Anchorage, Inc., et al.,* In the Superior Court in Anchorage Alaska, 3AN-06-4815;

- *Palasack v. Asbury Auto Group*, In the Circuit Court of Pulaski County, Arkansas, CV02-12712;

- *Page v. Panhandle Automotive, Inc.,* In the Circuit Court of Bay County, Florida, 11-CA-1611

- *Parish v. California Style, Inc., et al.*, In the District Court of Sequoyah County, Oklahoma, CJ- 00-342;

- *Petersen v. American General Life Ins. Co.*, United States District Court, Middle District of Florida, Case No. 3:14-cv-100-J-39JBT.

- *Peterson v. Progressive Corporation*, In the Court of Common Pleas, Cuyahoga County, Ohio, CV-03-510154;

- *Pool, et al. v. Rexall Sundown*, In the District Court of Sequoyah County, Oklahoma, CJ- 2002-1253;

- *Plummer v. United Auto Group, Inc., et al.*, In the Circuit Court of Pulaski County, Arkansas, CV02-11804;

- *Prindle v. Carrington Mortgage Services, LLC,* In the United States District Court, Middle District of Florida, 3:13-cv-01349;

- *Reynolds v. Jim Moran & Associates*, In the Circuit Court of Wakulla County Florida, 04-CA- 259;

- *Riley v Home Retention Services, Inc. et al.,* United States District Court, Southern District of Florida, 2014-CV-20106;

- *Matthew W. Sowell, P.A. v. Bactes Imaging Solutions, Inc.*, In the Circuit Court of Duval County, Florida, 09-CA-018050;

- *St. John v. The Progressive Corporation*, In the Common Pleas Court of Cuyohoga County, Ohio, 392581;

- *Tate v. Navy Federal Credit Union,* In the Circuit Court of Duval County, Florida, 14-CA-000756;

- *Webb v. Touch of Class Catalog, Inc.*, In the District Court of Sequoyah County, Oklahoma, Case No. CJ-2000-306;

- *West v. City Auto Group-Tallahassee, LLC d/b/a City Hyundai*, In the Circuit Court of Leon County, Florida, 2012-CA-042109;

- *Williams v. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Inc.*, United States District Court, Middle District of Florida, 3:17-cv-570-25JRK;

- *Williams v. Tallahassee Property Investors, LLC and Apartment Management Consultants, L.L.C.*, In the Circuit Court of Leon County, Florida, 2015-CA-002097;

- *Wood, Atter & Wolf, P.A. v. Record Reproduction Service, Inc.,* In the Circuit Court of Duval County, Florida, 2015-CA-00763;

- *Wood, Atter & Wolf, P.A. v. Star-Med, LLC,* In the Circuit Court of Duval County, Florida, 2016-CA-6096;

- *Wood, Atter & Wolf, P.A. v. University of Florida Jacksonville Physicians, Inc.,* In the Circuit Court of Duval County, Florida, 16-2014-CA-005771.

12.     V&W also performs considerable appellate work on consumer class action matters throughout the United States.  For example, in 2018 alone the firm litigated several appeals.  Two in the Eleventh Circuit:  *LTD Financial Services, L.P. v. Liznelia Baez,* Appeal No. 17-13842-F (appeal of class action jury verdict); and *Sellers v. Rushmore Loan Management Services, LLC*, Appeal No. 18-11420 (an appeal of class certification); one in Florida State Court: *Katrina Bushnell v. Portfolio Recovery Assoc., LLC,* In the District Court of Appeal, Second District of

Florida, Case No. 2D17-0429 (amicus brief on attorney fees in consumer cases); one

in the Ninth Circuit: *Amy Friedman v. Pamela Behrend v. Guthy Renker LLC and*

*WEN by Chaz Dean, Inc.*, Case No. 17-56456  (defending a class settlement from

objectors), and one in the Fourth Circuit: *Home Depot USA v. Jackson*, 880 F3d 165

(4th Cir. 2018) (removal by third-party counterclaim defendants under the Class

Action Fairness Act).

13.  On May 28, 2019, the firm received a win for consumers in the Supreme

Court of the United States in the matter of *Home Depot USA Inc. v. Jackson*, 139

S.Ct. 1743, 1745 (U.S., 2019). The issue in the Jackson case was whether a third-

party counterclaim defendant could remove a class action counterclaim from state

court under either the general removal statutes or under the language of the Class

Action Fairness Act.  Justice Thomas writing for the majority held to the strict

construction of the statutes and federal court jurisdiction was not further expanded.

14.    This is a considerable amount of appellate work for a relatively small

firm and indicates the firm's high level of experience and expertise in consumer,

class action and appellate law.

15.    Varnell & Warwick also employs attorneys Janet R. Varnell and

Mathew Peterson.  Michael Karnuth is of counsel with the firm.

16.    Ms. Varnell has been practicing for 24 years in consumer law and has

further contributed significantly to protecting consumers through her work with

various organizations.  She is the former Chairperson of the Florida Bar's Consumer

Protection Law Standing Committee, and a former Co-Chair for the National

Association of Consumer Advocates.  She currently serves on the Partner's Counsel

for the National Consumer Law Center, and is on the Board of Directors of Public

Justice.

17.   Ms. Varnell is the 2019 recipient of the Florida Bar's Consumer

Protection Law Committee Consumer Protection Lawyer of the Year Award which

recognizes excellence, character and commitment in the practice of consumer

protection law.

18.   I acted as lead counsel for my firm in this case.  Together, my firm

expended 97.20 hours of attorney time, for a total lodestar of $48,600.00 in

connection with the appeal of this litigation.  The individual time spent by each

member of the firm is broken down as follows:

| CONTRIBUTOR | RATE | HOURS | LODESTAR |
|---|---|---|---|
| Brian W. Warwick | $500/hr | 79.20 | $39,600.00 |
| Janet R. Varnell | $500/hr | 18 | $9,000.00 |
| TOTAL LODESTAR | | 97.20 | $48,600.00 |

19.   Attached as Exhibit 1 is V&W's combined timesheet in this matter.

These records were made by persons with knowledge of the information and were

kept in the course of regularly conducted business activity and were generally made

contemporaneously by the individual who performed the legal services and incurred

the time.  It is my firm's regular practice to regularly maintain such records.  I am

qualified to attest about these records, as I am a shareholder in the law firm, and I

supervised the custodians of these records.

20.    I aver that the time I spent working on this case was reasonably

necessary to advance Appellants' interests and obtain a favorable outcome at the

conclusion of the litigation.   Tasks were delegated appropriately among V&W

employees according to their complexity.  The members of my firm and I have made

every effort to litigate this matter efficiently by reducing duplication of effort and

assigning work to the lowest billing timekeepers where feasible.

21.    Before submitting this time to this Court, I personally reviewed all time

entries and struck repetitive or excessive time equating to approximately 10% of the

overall time recorded in this matter.

22.    Based upon my experience, I believe that the hourly rates set forth

above for myself and my colleagues are fair and reasonable in a case like this.

23.    A recent similar case in which Varnell & Warwick was awarded an

hourly rate at $500 per hour is *Petersen v. American General Life Ins. Co.*, United

States District Court, Middle District of Florida, Case No. 3:14-cv-100-J-39JBT.

24.   In 2019, Varnell & Warwick was retained by National Management

Recovery Corporation at an hourly rate of $500 per hour to litigate a complex debt

collection issue.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that I could competently testify to these facts if called as a witness.

Executed in Lady Lake, Florida.

Dated:        December 3, 2019.

_____
Brian W. Warwick

12

# <u>EXHIBIT 1</u>

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Brian W. Warwick _____

Total compensation requested for this person: $39,600.00 _____

Hourly rate of compensation requested for this person: $500.00 _____

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 2.00 |
| Obtaining and reviewing records | 4.90 |
| Legal research | 6.90 |
| Brief writing   Rule 23(f) Petition: 10.5 hours   Appellant's Brief:  22.1 hours   Reply Brief:  16.9 hours | 49.50 |
| Preparing for and attending oral argument | 13.90 |
| Other (specify on additional sheets if necessary):    Review of Appellee's Brief | 2.00 |
| Total hours claimed for this person | 79.20 |

*Instructions: on the applicable lines, enter the total time spent in each category.  A separate form must be completed for each person for whom time is claimed.  Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed.  An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name):___Janet R. Varnell_____

Total compensation requested for this person:___$9,000.00_____

Hourly rate of compensation requested for this person:___$500.00_____

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 1.00 |
| Obtaining and reviewing records | 2.00 |
| Legal research | 2.00 |
| Brief writing       Rule 23 (f) Petition: 5 hours  Appellant's Brief: 4 hours | 9.00 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary):  Mediation: 2 hours  Review of Appellee's Brief: 2 hours | 4.00 |
| Total hours claimed for this person | 18.00 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

| 01/03/18 | Brian W. Warwick | Research | 23(f) Petition | 0.90 | $500.00 | $450.00 |
|---|---|---|---|---|---|---|
| 01/11/18 | Brian W. Warwick | Begin drafting | Rule 23(f) Petition | 5.00 | $500.00 | $2,500.00 |
| 01/11/18 | Brian W. Warwick | Confer | with team regarding need to file 23(f) Petition | 0.50 | $500.00 | $250.00 |
| 01/11/18 | Brian W. Warwick | Obtain and Review | New York Law Journal article regarding filing appeal under Rule 23(f) | 0.50 | $500.00 | $250.00 |
| 01/11/18 | Brian W. Warwick | Research | 11th Circuit rules regarding tolling the statute; granting 23(f) appeals | 0.50 | $500.00 | $250.00 |
| 01/11/18 | Janet R. Varnell | Confer | with team regarding need to file 23(f) Petition | 0.50 | $500.00 | $250.00 |
| 01/11/18 | Janet R. Varnell | Obtain and Review | records regarding filing Rule 23(f) Petition | 0.50 | $500.00 | $250.00 |
| 01/11/18 | Janet R. Varnell | Research | 23(f) Petition | 1.00 | $500.00 | $500.00 |
| 01/18/18 | Brian W. Warwick | Research | other pending cases in 11th Circuit based upon the same general theory | 1.50 | $500.00 | $750.00 |
| 01/19/18 | Brian W. Warwick | Review, revise and edit | Rule 23(f) Petition | 4.00 | $500.00 | $2,000.00 |
| 01/19/18 | Janet R. Varnell | Research | additional research regarding Rule 23(f) Petition | 1.00 | $500.00 | $500.00 |
| 01/19/18 | Janet R. Varnell | Review, revise and edit | Rule 23(f) Petition | 5.00 | $500.00 | $2,500.00 |
| 01/22/18 | Brian W. Warwick | Finalize | Rule 23(f) Petition | 1.00 | $500.00 | $500.00 |
| 04/09/18 | Brian W. Warwick | Obtain and Review | Court's Order granting petition for permission to appeal | 0.40 | $500.00 | $200.00 |

| 05/09/18 | Brian W. Warwick | Confer | with team regarding extension of time to file Initial Brief | 0.50 | $500.00 | $250.00 |
| 05/09/18 | Janet R. Varnell | Confer | with team regarding extension of time to file Initial Brief | 0.50 | $500.00 | $250.00 |
| 06/07/18 | Janet R. Varnell | Draft | mediation statement | 1.00 | $500.00 | $500.00 |
| 06/11/18 | Janet R. Varnell | Attend | mediation | 1.00 | $500.00 | $500.00 |
| 06/14/18 | Brian W. Warwick | Begin drafting | Initial Brief | 8.00 | $500.00 | $4,000.00 |
| 06/17/18 | Brian W. Warwick | Continue drafting | Initial Brief | 7.00 | $500.00 | $3,500.00 |
| 06/18/18 | Brian W. Warwick | Review, revise and edit | Initial Brief | 6.00 | $500.00 | $3,000.00 |
| 06/18/18 | Janet R. Varnell | Review, revise and edit | Initial Brief | 4.00 | $500.00 | $2,000.00 |
| 06/19/18 | Brian W. Warwick | Obtain and Review | documents to be included in Appendix | 1.00 | $500.00 | $500.00 |
| 06/20/18 | Brian W. Warwick | Review and Finalize | Initial Brief | 1.10 | $500.00 | $550.00 |
| 07/23/18 | Brian W. Warwick | Confer | with team regarding reply brief | 0.50 | $500.00 | $250.00 |
| 07/23/18 | Brian W. Warwick | Obtain and Review | Appellee's Brief | 2.00 | $500.00 | $1,000.00 |
| 07/23/18 | Janet R. Varnell | Obtain and Review | Appellee's Brief | 2.00 | $500.00 | $1,000.00 |
| 08/01/18 | Brian W. Warwick | Draft | Reply Brief | 8.90 | $500.00 | $4,450.00 |

| 08/02/18 | Brian W. Warwick | Continue drafting | Reply Brief | 6.00 | $500.00 | $3,000.00 |
|---|---|---|---|---|---|---|
| 08/03/18 | Janet R. Varnell | Obtain and Review | Reply Brief | 1.50 | $500.00 | $750.00 |
| 08/06/18 | Brian W. Warwick | Review, revise and finalize | Reply Brief | 2.00 | $500.00 | $1,000.00 |
| 11/19/18 | Brian W. Warwick | Obtain and Review | notice of oral argument and calendar | 0.30 | $500.00 | $150.00 |
| 12/03/18 | Brian W. Warwick | Obtain and Review | notice of cancellation of oral argument | 0.20 | $500.00 | $100.00 |
| 12/20/18 | Brian W. Warwick | Obtain and Review | calendar issued for oral argument | 0.30 | $500.00 | $150.00 |
| 02/07/19 | Brian W. Warwick | Obtain and Review | documents filed to begin preparing for oral argument | 2.20 | $500.00 | $1,100.00 |
| 02/11/19 | Brian W. Warwick | Confer | with team regarding oral argument | 0.50 | $500.00 | $250.00 |
| 02/11/19 | Brian W. Warwick | Legal research | to prepare for Oral argument | 4.50 | $500.00 | $2,250.00 |
| 02/11/19 | Brian W. Warwick | Prepare | for Oral Argument | 7.70 | $500.00 | $3,850.00 |
| 02/12/19 | Brian W. Warwick | Travel | to Miami for Oral Argument | 4.00 | $500.00 | $2,000.00 |
| 02/13/19 | Brian W. Warwick | Attend | Oral Argument | 2.20 | $500.00 | $1,100.00 |
| | | | | 97.20 | | $48,600.00 |
| | | | | | | |