United States District Court
Middle District of Florida
Jacksonville Division

**RANDOLPH & TABETHA SELLERS,**
**INDIVIDUALLY AND ON BEHALF OF**
**ALL OTHERS SIMILARLY SITUATED,**

    *Plaintiffs,*

v.                                                                                          NO. 3:15-CV-1106-J-PDB

**RUSHMORE LOAN MANAGEMENT**
**SERVICES, LLC,**

    *Defendant.*

## Order

Nearly five years ago, Randolph and Tabetha Sellers brought this unfair debt-collection action as a proposed class action. After much litigation, including a successful appeal, a failed mediation, and a settlement conference before the undersigned, the Sellers and Rushmore reached a settlement agreement on an individual basis. No class was ever certified.

The parties stated the material terms of the settlement agreement on the record at the conclusion of the settlement conference. Doc. 96. Considering the totality of the circumstances, including issues on standing and whether a class ultimately could be certified, the settlement is a fair and reasonable compromise of genuinely disputed issues and not the product of collusion. There is no apparent prejudice to those who may have been included in a class had one been certified.

Pursuant to the terms of the settlement agreement, this action **dismissed with prejudice**, subject to the right of any party to move the Court within 60 days for the purpose of entering a stipulated form of final order or judgment, or, on good

cause shown, to reopen the case for further proceedings.* The Court directs the clerk to terminate the pending motion, Doc. 79, and close the case.

    **Ordered** in Jacksonville, Florida, on September 3, 2020.

                                               PATRICIA D. BARKSDALE
                                            *United States Magistrate Judge*

c:      Counsel of record

---

*The "with prejudice" dismissal affects only the Sellers individually, not any putative class member.